## SIMON SIMON
### v.
## NICHOLAS BLOCKS.

1. MECHANIC'S LIEN—TIME OF PAYMENT.—Payment for material and labor furnished in the erection of a house can not be enforced by a mechanic's lien proceeding where the written contract under which the house was built provided that the owner should make his last payment by a note due two years after the completion of the house, as the statute prohibits a lien under an expressed contract where the time of payment is beyond one year from the time stipulated for the completion thereof.

2. SAME—DEPENDS UPON CONTRACT.—The question of lien or no lien depends upon the contract as made originally, and not upon what may happen in the execution of it.

APPEAL from the Circuit Court of Cook county; the Hon. THOMAS MORAN, Judge, presiding. Opinion filed June 30, 1885.

This was a petition, under the statute, by Blocks against Simon, for a mechanic's lien, and sets out a contract in writing between the parties dated Feb. 1, 1881, whereby the former agreed to furnish the materials and build a house for the latter, according to specifications, upon a lot of the latter in Ravenswood, and have the whole work completed by the first day of May, 1881, for which Simon agreed to pay the sum of $1,545, as follows: $500 on commencing the house; $300 when the house is completed for plastering; $247 when all the work is done; one note for $250 on the first day of May, 1882, and the balance of $250 by note due the first of May, 1883, with seven per cent. interest. The petition averred the completion of the house about June 15, 1881, and alleged that the delay was due to changes and additions ordered by Simon; that the sum of $547.50 was unpaid of the contract price, and $111.50 for extra work, and prayed for a lien, etc. Simon answered, denying the allegation of performance, and set out various particulars of non-performance of the contract, claiming damage, and denied the right to a lien. Rep-

lication was filed, the case heard upon pleadings and proofs, and a decree passed in favor of Blocks for $566.50, declaring the lien and ordering sale of premises, from which Simon took this appeal.

Mr. Hervey H. Anderson, for appellant; as to mechanic's lien, cited Phillips on Mechanic's Lien, § 220; Crowl v. Nagle, 86 Ill. 439; McCarthy v. Neu, 93 Ill. 455.

Mr. Arthur Schroeder, for appellee; as to waiver of contract, cited Eyster v. Parrot , 83 Ill. 517; Nibbe v. Brauhn, 24 Ill. 268; White v. Wakefield, 39 Ill. 509; Smith v. Brown, 5 Ill. 309.

McAllister, J. ° The remedy sought by this proceeding is exclusively the creature of statute, deriving its existence only from positive enactment, and not arising out of, or the essence of, the contract for labor, or dependent on the motives which suggest its being enforced.   Phil. on Mech. Liens, § 9, and cases in notes.   In McCarthy v. New, 93 Ill. 455, the court, speaking through Mr. Justice Scott, says, " Proceedings to establish a mechanic's lien are against the property affected.   Such proceedings are strictly statutory, and, without the aid of the statute, can not be maintained." And that court has repeatedly applied the doctrine that the statute being in derogation of common right it must be strictly construed, and that a party seeking the benefit of the statute, must, by his pleadings and proofs, bring himself strictly within its terms.   Crowl v. Nagle, 86 Ill. 437.

Has the appellee done so in this case?   Instead of having brought himself clearly within the terms of the statute, it seems to us that he is seeking the benefit of it against one of its express prohibitions.   It is provided in  § 3, that, " When the contract is expressed, no lien shall be created under this act, if the time stipulated for the completion of the work or furnishing materials is beyond three years from the commencement thereof, *or the time of payment beyond one year from the time stipulated for the completion thereof.* "

Four fifths of the amount of the decree was for work and materials done and furnished under the written contract set out in the petition, wherein the time stipulated for the completion of the furnishing materials and the work was fixed for May 1, 1881.   But, by the same instrument, it was stipulated that a credit should be given appellant as to a part of the sum he was to pay appellee—two hundred and fifty dollars—until May 1, 1883, a period of two years beyond the time stipulated for the completion of the work.   It is true that appellant was to give his promissory note, on the completion of the work, for that sum to appellee, which he did not do, because, as he claimed, appellee had not completed the work contracted for, and we think he is sustained in that position by a clear preponderance of the evidence.   The contract does not provide that if appellant -failed to give the note the amount should be immediately due (Beasley v. Webster, 64 Ill. 458), but it gives a credit of two years as to the sum of two hundred and fifty dollars.   The question of lien or no lien  depends upon the contract as made originally, and not upon what may happen in the execution of it.   In Cook et al. v. Heald et al., 21 Ill. 425, the court said:   "The second section limits the time of performance of the contract to three years, and the payment for the labor and materials to one year from the time of its completion.   This provision obviously requires that the time for its performance and the payment of the money shall be determined at the time when the contract is entered into, and not by alterations and changes which may be made in the agreement after it is entered into. *   *   The lien is given by statute, and is in derogation of the common law, and is opposed to common right and (the statute) should be strictly construed."

We are of opinion that, as respects the amount claimed by appellee to be due under the written contract, there was no lien, and for that reason the decree of the court below must be reversed and the cause remanded.

Decree reversed.