M. J. Fitch Paper Co. v. McDonald.

**M. J. Fitch Paper Co., for use of Caroline S. Fitch et al., v. Michael C. McDonald et al.**

1. MECHANICS' LIENS—*Under Verbal Contracts—Time of Payment.*—Under the mechanics' lien law of 1895, when work is done or materials furnished under a verbal contract, no lien will attach unless the work is to be done or materials furnished within one year from the date of the contract, and final payment therefor is to be made within such time.

2. SAME—*Under Written Contracts.*—When a contract is in writing, no lien will attach by virtue of the act of 1895, where the time stipulated for the completion of the work or furnishing materials is beyond three years from the date of the contract, or the payment beyond one year from the time stipulated for such completion.

3. SAME—*Terms of the Contract to Govern.*—It is immaterial, even if true, that it was within the contemplation of the parties that the work was to be completed and paid for within the time fixed by the statute. It is essential that the contract affirmatively specify a time for the completion of the work or the furnishing of materials, which is within the period required by the statute.

Mechanic's Lien.—Appeal from the Circuit Court of Cook County. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed November 8, 1900.

PADEN & GRIDLEY, attorneys for appellant.

GILBERT & GILBERT, attorneys for Tyler & Hippach, intervening petitioners.

GEORGE P. MERRICK, attorney for Michael Keating, intervening petitioner.

JOSIAH BURNHAM and A. A. ROLF, attorneys for Claney & Allen, intervening petitioners.

IVES & TONE, attorneys for M. C. McDonald, and Chicago Title & Trust Company, trustee, appellees.

MR. JUSTICE FREEMAN delivered the opinion of the court.

The M. J. Fitch Paper Company, one of the appellants herein, filed its bill of complaint, setting up a contract in writing to furnish iron work for a building in process of erection,

entered into with one Peter Erickson, who is made a party defendant to said bill. Said contract was made by the American Architectural Iron and Brass Works, a corporation, but was assigned to said M. J. Fitch Paper Company. Said company seeks to establish a mechanic's lien upon the premises in the bill of complaint described. The other appellants, Tyler & Hippach, Claney & Allen, and Michael Keating, filed intervening petitions setting up verbal contracts for material to be used in the construction of the same buildings, and ask for decrees establishing liens in their favor, respectively, and for sale of the premises in default of payment.

Answers were filed by the trustee in certain trust deeds made to secure loans upon the said premises, and subsequently by the holder of notes so secured. Appellee McDonald filed his answer to said original bill and to the intervening petitions, stating that he acquired said premises by warranty deed from Erickson, and denying all the material allegations in said bill and petitions. McDonald seems to have acquired his title more than six months subsequent to the beginning of the litigation, and was granted leave to appear and file his answer about a year and nine months after the filing of the original bill.

The report of the master was in favor of the claim for lien of the M. J. Fitch Paper Company and also of the intervening petitioners, Claney & Allen and Michael Keating; but found that the statement of lien made by Tyler & Hippach was insufficient to support a claim. Exceptions were filed to the report and it was overruled by the Circuit Court, where a decree entered dismissing the original bill and all the intervening petitions for want of equity. This appeal is prosecuted by all the lien claimants respectively.

It is urged by appellees that the contract sought to be enforced in favor of the M. J. Fitch Paper Company fails to show that the work in question was to be completed within the period of three years from the date of the contract. An examination of said contract shows the objection to be well founded. No time whatever is stated within

which the work is to be completed, nor within which payment therefor is to be made.   Section 6 of the Mechanic's Lien Law of 1895, is as follows :

" If the work is done or materials are furnished under a verbal contract, no lien shall be had by virtue of this act unless the work shall be done or materials furnished within one year from the date of the contract, and final payment therefor is to be made within such time.

" If the contract be written, no lien shall be had by virtue of this act, if the time stipulated for the completion of the work or furnishing materials is beyond three years from the date of the contract, or the time of payment beyond one year from the time stipulated for the completion thereof."

The written contract under consideration provides that material shall be furnished proper and sufficient for completing all the work mentioned, " as the work progresses." The time of payment is agreed upon as follows : " as the work progresses, to wit, eighty-five per cent of the estimated value of the same, first payment when roof is on building and remainder on satisfactory completion and acceptance of the work after the expiration of twenty days." It is probably true that it was within the contemplation of the parties that the work should be completed and paid for within less than three years.   But the written contract fails so to state.   Counsel for this appellant have furnished in their brief an exhaustive review of the decisions in this State bearing upon this question, and endeavor to show that the provisions of the written contract are not objectionable under the above statute.   It is true that the contract does not stipulate a time for the completion of the work which is beyond three years from its date, nor a time for payment which is beyond a year from the time for completion.   But something more is necessary to the maintenance of a lien than mere failure to directly contravene the statute.   It is essential that the written contract shall affirmatively specify a time for completion of the work or furnishing materials which is within the statutory three years, and a time of payment which shall be within the year from the stipulated

time for completion.   This has been the holding in this State under similar provisions of the act of 1845, prior to its amendment in 1861, under the act of 1874, and the doctrine has been restated and applied to the act of 1895, in the case of Freeman v. Rinaker, 185 Ill. 172.   In that case it is said (p. 177) :

" No lien can be enforced for the appellee's services under this contract, for the reason that the contract is in writing, and contains no provision as to the time within which the work was to be performed or the money to be paid."

And again (p. 179):

" The contract here was an expressed contract as distinguished from an implied contract, and no time was agreed upon for the completion ·of the work.   The law can not imply any time for completion under such circumstances, and therefore the appellee was not entitled to a lien."

This language is precisely applicable to the case at bar. It is urged by counsel for this appellant that it was not necessary to the decision and should be considered as *dictum*. We do not so regard it, and it is in accord with a line of previous decisions upon the same point.   Inasmuch, therefore, as it is fatal to the claim of lien of the M. J Fitch Paper Company, we need not dwell at length upon the other points to which our attention has been invited.

Coming now to the petition of Tyler & Hippach, it appears that said firm made a verbal contract with Erickson, by which they agreed to furnish certain glass for the building in question. .  The petitioners filed a statement of claim for lien in the Circuit Court, which states the date of the verbal contract, that they furnished the glass as agreed upon and that there is due them $394.05.   This contract as set forth in said statement and in the intervening petition contained no agreement as to when the work was to be performed or material furnished and no agreement as to when it should be paid for.   It is stated by petitioners' counsel in their brief that the said verbal contract " does not state the date fixed for completion and payment, for that was impossible, as no time was fixed for completion and payment."   But the statute now in force requires that a time

for completion and payment within one year shall be fixed in and by the terms of the verbal contract, in order to entitle the contractors to a lien by virtue of the lien act. The failure to make such a contract excludes the material-man or party doing the work from the benefit of the act, and it is not within the power of the court to give a relief which the statute denies.

The petition of Claney & Allen sets out a verbal contract to furnish lumber on or before March 8, 1896, final payment therefor to be made upon the last delivery. The testimony, however, of the petitioners' agent who made the verbal contract, shows that the purchaser was to order lumber as he needed it at certain agreed prices and that the terms of payment agreed upon, were "eighty-five to ninety per cent when roof was on, when plastered another payment, when completed another payment, and final payment thirty days after completion." It is evident that the contract did not provide a time either of completion or payment within a year. There is evidence tending to show that the building had not been completed at the time of the hearing.

The same objection exists as to the claim of Michael Keating. The verbal contract was to the effect that the work was to be paid for within thirty days from its completion. Here, too, it does not appear to have been stipulated that final payment was to be made within a year from the date of the contract.

Other points are discussed at some length in the briefs of counsel, but in view of the conclusion as above stated we need not further review the case.

The judgment of the Circuit Court must be affirmed.