## John Vanderpoel et al. v. John B. Knight et al.

1. DECREES—*When a Court of Chancery Will Not Hesitate to Set Aside a Decree.*—A court of chancery will not hesitate to set aside a decree improperly obtained, and to which a party has no right, merely

because the party against whose property such decree runs is indebted to the person in whose favor the decree is rendered.

2. MECHANICS' LIENS—*Under the Law of 1895.*—The mechanics' lien law of 1895 provided that no lien be created under it, if the time stipulated for payment is beyond one year from the time provided for the completion of the work.

3. SAME—*When the Lien Attaches Under a Building Contract.*— Whether a mechanic's lien attaches under a building contract depends at the outset upon the nature of the contract and not upon that which is done under it. A contractor must show that his contract brings him within the terms of the law or he can not have a lien.

4. APPELLATE COURT PRACTICE—*Assignment of Errors.*—An assumed interest by an appellee in maintaining the decree appealed from gives him no right to assign error for dismissing his cross-bill from which dismissal no one has appealed.

**Foreclosure of a Trust Deed.**—Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed July 2, 1902.

**Statement.**—Martha Norton filed a bill against the Olivet Baptist Church to foreclose a trust deed held by her on the property of the church. To this bill, Wensel Morava, John Vanderpoel, Jasper N. Higinbotham, and a number of others, were made parties defendant. Morava and Vanderpoel filed an answer to this bill, claiming that by a decree of the Circuit Court of this county they had been declared entitled to a mechanic's lien, subject to the first lien of Norton's trust deed, and that under this decree for a mechanic's lien the church property had been sold and they held a deed and claimed ownership of the church property under such sale. (It was afterward conceded that the holder of the deed, one E. Seneff, held it for the benefit of Morava and Vanderpoel.) Upon the filing of this answer, the Olivet Baptist Church filed its cross-bill against Morava, Vanderpoel and Seneff only, to set aside such decree, the sale thereunder and the deed issued thereon; the church also prayed for an injunction to restrain Seneff from prosecuting an ejectment suit, based upon this deed, which suit he had begun against the church to gain possession of the property in question. A temporary injunction being

granted, Seneff appealed to the Appellate Court, where the order granting the injunction was affirmed.

None of the other parties, either complainants or defendants, sought by cross-bill or otherwise to attack the decree or claims of Morava.

In the Norton foreclosure suit Jasper N. Higinbotham filed a cross-bill claiming a mechanic's lien on the church property.

Issues being made up, the suits based upon the Norton bill to foreclose, the cross-bill of the church to set aside the Morava-Seneff decree, sale and deed, and the cross-bill of Higinbotham were referred to a master, who, having taken testimony, made a report, upon the coming in of which the court entered a decree dismissing Higinbotham's cross-bill for want of equity, ordering a foreclosure of the Norton trust deed, setting aside the Morava-Seneff decree, sale and deed, and perpetually enjoining Seneff from further prosecuting his ejectment suit in the Superior Court. From this Higinbotham prayed, but did not perfect, an appeal.

From the decree granting the Olivet Baptist Church the relief prayed for by its cross-bill, Morava and Vanderpoel and Seneff prayed for and perfected an appeal to this court. Cross-errors have been assigned by Higinbotham.

JAMES HARVEY HOOPER, attorney for appellants.

PADDOCK & BILLINGS, attorneys for the Nortons, Knight and Throckmorton.

EDWARD H. MORRIS, attorney for appellee Olivet Baptist Church.

ISRAEL COWEN, attorney for appellee Higinbotham.

MR. JUSTICE WATERMAN delivered the opinion of the court.

The testimony clearly shows that appellants had, in consideration of money and notes received by them, released their lien, and that the decree entered in their favor was properly set aside.

Whether the Olivet Baptist Church is indebted to appellants is a question not presented to this court. It by no

Vanderpoel v. Knight.

means follows that if the church is indebted, as appellants claim, they are entitled to a mechanic's lien upon its property. The lien claimed would affect not only the church, but other parties against whom appellants have no claim. A court of chancery will not hesitate to set aside a decree improperly obtained and to which a party has no right, merely because the party against whose property the decree runs is indebted to the party in whose favor it is.

The cross-bill of Higinbotham was dismissed because the building contract entered into by him provided that he should be paid by notes, some of which ran for years beyond the time stipulated for the completion of the work. The mechanics' lien law existing when this contract was made, distinctly provided that no lien should be created thereunder, if the time stipulated thereunder for payment is beyond one year from the time stipulated for the completion of the work. Simon v. Blocks, 16 Ill. App. 450; M. J. Fitch Paper Co. v. McDonald, 91 Ill. App. 543.

The question of whether Higinbotham waived his lien does not arise, because his contract was one under which he never had a lien.

Whether a mechanics' lien attaches under a building contract depends at the outset upon the nature of the contract and not upon that which is done under it. A contractor must show that his contract brings him within the terms of the law or he can not have a lien. (Cook v. Heald, 21 Ill. 425.) A mechanics' lien arises from the contract, the doing of work or furnishing materials, not from a failure to give notes or a mortgage as promised.

We have thought it right to pass upon the right to a lien urged by Higinbotham, notwithstanding we are of the opinion that cross errors are improperly assigned by him upon this appeal. Higinbotham has neither appealed from nor sued out a writ of error as to the decree of the Circuit Court. No one has appealed from the decree in favor of Norton nor from the decree dismissing Higinbotham's cross-bill. True it is that if Higinbotham were entitled to a lien he would be, as he declares he is, interested in maintaining

the decree against appellants; and the argument made by him in support of such decree is properly filed. But his assumed interest in maintaining that decree gives him no right to assign error in dismissing his bill, from which dismissal neither he nor any one has appealed. The fact that the evidence heard upon these bills related at times to his cross-bill adds nothing to his right.

The decree entered by this court upon the present appeal will not be in affirmance of the decree dismissing his cross-bill; as to that he may hereafter sue out a writ of error.

The decree of the Circuit Court is affirmed.