NAPOLEON PROVOST *et al.*

*v.*

ELBERT W. SHIRK *et al.*

*Opinion filed October 23, 1906—Rehearing denied Dec. 6, 1906.*

1. MECHANICS' LIENS—*lien should not be extended to cases not provided for by language of statute.* A mechanic's lien should be fairly enforced when the party claiming the same brings himself within the provisions of the statute; but the lien should not be extended to cases not provided for by the language of the statute, even though they fall within its reason.

2. SAME—*when statement of claim for lien does not charge lessor's interest.* A statement of a claim for a mechanic's lien against a leasehold interest does not charge with the lien the interest of the lessor and owner of the fee, where the only mention of the latter's name or interest is in the description of the property charged with the lien, which reads, "All and singular the interest in that certain lease dated June 1, 1891, made between" the lessor and lessee, naming them, "and the leasehold interest derived from said lease," etc.

3. SAME—*when provision of a lease to prevent mechanics' liens is invalid.* A provision of a ninety-nine year lease by which it is agreed that no mechanic's lien shall in any degree or manner affect the interest of the lessor or his lien upon the interest of the lessee for the payment of rent is invalid, and the lessor's interest may be subjected to a mechanic's lien if the proper steps are taken.

4. SAME—*when claimant must produce architect's certificate or show sufficient reason for not having done so.* If a building contract provides that the work shall be done under the direction of the architect, whose decision, in case of a difference of opinion, shall be final and binding upon the parties, one claiming a mechanic's lien under the contract must produce the architect's certificate or show a sufficient reason for failing to do so.

5. SAME—*what is not a compliance with contract as to architect's decision.* An endorsement upon the statement of a claim for lien reading, "This bill is O. K. except the last item," and signed by the architect, is not a compliance with a contract requiring payments to be made upon the architect's certificate and making his decision final and binding upon the parties in case of any difference between them as to the contract or the work to be performed.

6. SAME—*when contracts extend time of payment beyond one year.* Contracts providing that the work of the respective contractors shall be completed December 1, 1891, and August 4, 1891,

and that the building shall be completed May 1, 1892, and that thirty per cent of the amount due on each contract shall be paid by notes due on or before one year from the completion of the building, extend the time of final payment beyond one year from the time of completing the contracts, and, under section 3 of the Mechanic's Lien act then in force, do not give rise to mechanics' liens.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. J. W. MACK, Judge, presiding.

This is a proceeding to enforce mechanics' liens under the act of 1887. Franklin D. Clarke on May 28, 1891, was the owner of the land upon which this lien is attempted to be enforced. At that date he entered into an agreement with appellee Shirk to convey to him said premises for the consideration of $100,000,—$40,000 to be paid in cash and the balance of $60,000 to be paid over from time to time by Shirk as a building was being constructed on said premises, to aid Clarke in the construction of such building. In accordance with said agreement, Clarke, on July 18, 1891, by warranty deed, conveyed said premises to Shirk, and the latter at the same time gave a ninety-nine year lease of the premises to Clarke in accordance with the terms of said contract. This lease is set forth, in substance, in a statement found in *Clarke* v. *Shirk,* 170 Ill. 143. One provision in the lease which is questioned here is as follows: "It is expressly understood and agreed, and notice is hereby given, that no transfer, assignment, mortgage, judgment, mechanic's lien or other lien shall in any degree or manner affect the lessor of said premises or his lien upon the interest of said party of the second part and his assigns in this lease, for the payment of the rent, and other sums to be taken as rent, that may accrue up to the end of this lease."

On September 7, 1891, appellant Provost entered into a contract under seal with Clarke, which provided that said

appellant should furnish all material and labor to complete fully the mason work of the building to be erected on said premises according to plans, specifications and drawings made by William G. Barfield, architect, to his satisfaction and under his direction, said work to be finished December 1, 1891, for which Clarke agreed to pay $21,000 on the certificate of the architect as the work progressed, to the amount of seventy per cent, and the remainder on the satisfactory completion and acceptance of the whole work according to the terms of a supplemental agreement made September 8, 1891. A portion of this supplemental agreement is as follows: "It is further agreed that on the completion of this said building the said Napoleon Provost will accept in payment of this contract four notes signed and endorsed by Franklin D. Clarke, for thirty (30) per cent of the amount of this contract, said notes to be payable on or before one year and bear interest at the rate of six (6) per cent per annum, and to be secured by a deed of trust on said building to the Title Guarantee Company as trustee, which deed of trust shall be a first lien upon said building and leasehold interest to secure said notes," etc.

Provost began to furnish material and do work on the building about September 12, 1891. It was found necessary to go deeper for foundations than was originally intended or provided in the specifications, and extra work was performed by Provost in excavating. He received from the architect a certificate for $10,000, which included $8896 for extra work, and also a certificate for $7372, which included $250 for extra work. Franklin D. Clarke died on October 20, 1891. On January 6, 1892, work was stopped by the widow and heirs of Clarke, and on March 25, 1892, the probate court allowed Provost, as a claim against Clarke's estate for said work, $16,822, upon which he has received $2491.71. March 26, 1892, Provost filed with the clerk of the circuit court a statement of claim for work, which is set out fully in the opinion of the Appellate Court.

The statement ran against the estate of Franklin D. Clarke, deceased, and his heirs, and after setting out, in a general way, the work done and the amount due, concluded as follows "The following is a correct description of the real estate and property charged with a lien, to-wit: All and singular the interest in that certain lease dated June 1, 1891, made between Elbert W. Shirk and the said Franklin D. Clarke in his lifetime, and the leasehold interest derived from said lease, being one for the period of ninety-nine years, commencing June 1, 1891," etc. (Then follows a description of the property.) The affidavit sets forth that the amount is due him from the estate of Franklin D. Clarke, and does not mention appellee Shirk.

August 24, 1891, the Hallowell Granite Company, appellee herein, entered into a contract with Clarke to furnish and set all the granite work for the first two stories of the building, under the direction of the same architect and upon substantially the same terms, the work to be completed in sixty days, for the contract price of $69,000, seventy per cent of which was to be paid in cash as the work progressed. A stipulation as to the thirty per cent balance was as follows: "It is further agreed that on the completion of said building, which will be May the first, 1892, the said Hallowell Granite Company will accept in final payment of this contract a note signed by Franklin D. Clarke for thirty per cent of the amount of this contract, said note to be payable on or before one year and bear interest at the rate of six per cent, payable semi-annually, and be secured by deed of trust on said building to the Title Guarantee and Trust Company, trustee. And it is understood that at least seventy per cent of the entire cost of the building shall have been paid in cash before the said first parties shall accept said note and waive their right of lien."

The granite company commenced to quarry out and prepare the granite for said building and finish and ship the granite blocks covered by the contract. The granite so cut

and prepared was of the value of $45,000. The value of the granite actually placed in the building was about $700. Granite to the value of about $3800 was placed on the premises for the purpose of being used in the building by the order of the architect. The Hallowell Granite Company ceased work about January 15, 1892, because of the failure to make payments then due under the contract. December 2, 1892, this company filed with the clerk of the circuit court its statement of mechanic's lien, which is set out in full in the opinion of the Appellate Court. The statement ran against Elbert W. Shirk and the heirs and administratrix of the estate of Clarke, and after setting out, in a general way, the terms of the contract, the material furnished and describing the property in question, concluded as follows: "And that the interest of said estate, as shown by the records of said Cook county, is under a ninety-nine year lease for a term of years from the first day of June, 1891, to the first day of May, 1990, executed by said Elbert W. Shirk as lessor and said Franklin D. Clarke as lessee and conveying said property, and that the interest of said Elbert W. Shirk, as shown by the records of Cook county, is that of the owner of the fee of said premises, but the undersigned charges the fact to be that the record does not correctly represent the interest of said parties, but that the said Shirk is interested in the said building sufficiently to make his interest in said land subject to the undersigned's lien under the Mechanic's Lien law of the State of Illinois, and the undersigned claims a lien upon the said premises for said amount of $4750." The architect did not issue a certificate to the Hallowell Granite Company. It presented its claim to the probate court and was allowed $4690, upon which it received $666.27. The walls of the proposed building were carried only to the street level, the work remaining unprotected up to the time of the hearing, February, 1904. No rent has been paid to Shirk on said lease and he has paid $5000 in taxes on the lots.

Provost filed his bill of complaint in the circuit court on January 7, 1893, against the heirs of Franklin D. Clarke and Elbert W. Shirk. The Hallowell Granite Company filed an answer and then a cross-bill. A demurrer to this cross-bill was sustained. Shirk also filed an answer to the bill. The cause was referred to a master in chancery and on some points he reported favorably to appellants. Exceptions were filed to this report, and on a hearing before the circuit court the chancellor sustained exceptions of appellee Shirk and the bill was dismissed for want of equity. The case was appealed to the Appellate Court and the decree of the circuit court was there affirmed, whereupon appellants appealed to this court.

J. E. HENLEY, ARTHUR B. WELLS, and JOHN M. BLAKE-LEY, for appellants.

ULLMANN & HACKER, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an action arising under the Mechanic's Lien law. The statute regarding mechanics' liens has always been held by this court to be in derogation of the common law and must be strictly construed. The lien should be fairly enforced when the party brings himself within the provision of the statute, but should not be extended to cases not provided for by the language of the statute, even though they fall within its reason. *May Brick Co.* v. *Engineering Co.* 180 Ill. 535, and cases there cited; *Kelly* v. *Northern Trust Co.* 190 id. 401; *Freeman* v. *Rinaker,* 185 id. 172.

We are clearly of the opinion that the statement filed by Provost in the circuit court against the estate of Clarke (that part of it touching upon the interest of Shirk being set forth in the statement of this case) does not indicate in any way that there was any demand against the interest of

Shirk, and was not sufficient to charge his interest in the premises with the lien. (*Ehdin* v. *Murphy,* 170 Ill. 399; *Campbell* v. *Jacobson,* 145 id. 389.) No one, in reading that statement, would for a moment think that the claimant was attempting to make· any interest that Shirk might have in the premises, subject to the lien. His.name is only used in the statement in order to make definite the lease by which Clarke obtained the interest in the premises which Provost was attempting to make subject to the lien. The attempt in the ninety-nine year lease to prevent Shirk's interest being made subject to a mechanic's lien under the provision quoted in the statement, was correctly held by the Appellate Court, under the authority of *Crandall* v. *Sorg,* 198 Ill. 48, to be invalid. Notwithstanding this provision in the ninety-nine year lease, Shirk's interest, if proper steps were taken, could have been made subject to a mechanic's lien.

The contract of Clarke with the Hallowell Granite Company provided that the work should be done under the direction of the architect, and that "in case any difference of opinion should arise between said parties in relation to the contract or work to be performed under it, * * * the decision of William G. Barfield, architect, should be final and binding on the parties." No architect's certificate for the work done by this company was offered in evidence, and there is nothing set forth in the pleadings or proof as a reason for not procuring it and putting it in evidence. It is true that on the statement of the claim filed in the probate court there was the endorsement: "This bill is O. K., except the last item.—W. G. Barfield, Arch." We do not consider this a compliance with the contract. The Hallowell Granite Company should either have procured a certificate of the architect or shown a good and sufficient reason for failing so to do. *Gilmore* v. *Courtney,* 158 Ill. 432; *Michaelis* v. *Wolf,* 136 id. 68.

Appellants insist that the Appellate Court is wrong in holding that the contract as to both appellants provided for

payment of a portion of the contract price more than one year from the time stipulated for the completion of the contract, and that thereby no lien was created by the work done under that contract. The contract of Provost provided that his work should be completed December 1, 1891, and that notes should be given for thirty per cent of this amount on the completion of the building, payable on or before one year. The Hallowell Granite Company's contract provided that their work should be completed in sixty days from August 4, 1891, and that the building should be completed May 1, 1892; that thirty per cent of the amount of the contract should be paid by a note due on or before a year from the date of the completion of the building. Section 3 of the Mechanic's Lien law in force at the time these contracts were made, provides: "When the contract is expressed no lien shall be created under this act, when the time stipulated for the completion of the work * * * is beyond three years from the commencement thereof or the time of the payment beyond one year from the time stipulated for the completion thereof." Manifestly, under both these contracts the time of final payment was more than one year from the time of the completion of each of the contracts, respectively.

So far as we are advised this court has never ruled upon this identical question. The late Judge McAllister, in *Simon v. Blocks,* 16 Ill. App. 450, held that a contract providing for the payment by notes due more than one year from the date of the completion of the contract, even though the note was not given as provided, took the contract from under the Mechanic's Lien act. To the same effect is *Vanderpoel v. Knight,* 102 Ill. App. 596. The facts in these cases are much more similar to the facts in the present hearing than are those in *Gardner v. Hall,* 29 Ill. 277, which on this point is relied upon by appellants. We have examined the decisions cited in other jurisdictions by appellants on this point. The statutes construed in these cases are so much different

from our own that these decisions cannot be very persuasive in assisting to construe the Illinois statute. We have also examined with care all of the decisions of this court cited by counsel or which we ourselves could find from cross-references and digests. The cases of *Cook* v. *Heald,* 21 Ill. 425, *Cook* v. *Vreeland,* 21 id. 430, *Beasley* v. *Webster,* 64 id. 458, *Belanger* v. *Hersey,* 90 id. 70, *Paddock* v. *Stout,* 121 id. 571, *Chisholm* v. *Williams,* 128 id. 115, *McDonald* v. *Rosengarten,* 134 id. 126, *Compound Lumber Co.* v. *Murphy,* 169 id. 343, and *Lyon Lumber Co.* v. *Equitable Loan Co.* 174 id. 31, all discuss principles which bear strongly upon the question here at issue, and the principles there laid down are in harmony with the conclusions reached in *Simon* v. *Blocks, supra.*

We are of the opinion that in both of these contracts the time of the payment stipulated for a part of the amount was beyond one year from the time of the completion of the respective contracts, and therefore appellants were not entitled to liens for the material and work under the Mechanic's Lien act then in force.

The record in this case, together with that in *Clarke* v. *Shirk, supra,* discloses, as to the ninety-nine year lease and the building which Franklin D. Clarke started to erect on the premises in question, a very unfortunate condition of affairs and one seemingly of great hardship for all parties to this litigation; but this court cannot in this proceeding attempt to adjust all the equities for the parties concerned. The lien given under our law to material-men or mechanics is purely statutory, and can only be enforced in accordance with its strict provisions.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*