(No. 16001.—Judgment affirmed.)

WILLIAM V. HOIER, Appellant, *vs.* HARRY KAPLAN *et al.*
Appellees.

*Opinion filed October 28, 1924.*

1. JUDGMENTS AND DECREES—*difference between a judgment and
a decree.* A judgment at law is a unit, while a decree in equity
may have the effect of several separate decrees.

2. SAME—*when part of a decree may be appealed from.* An
appeal may be taken from that part of a decree which deals with
a particular subject where the part appealed from determines the
ultimate rights of the parties with respect to distinct matters which
have no bearing on other matters left for further consideration,
and such an appeal operates as a severance in the trial court of
the parties and questions not concerned in the appeal.

3. APPEALS AND ERRORS—*appeal may be taken from order sus-
taining demurrer to certain items in petition for mechanic's lien.*
An appeal may be taken from an order sustaining a general and
special demurrer and dismissing a petition for a mechanic's lien as
to certain items included therein, as the order of dismissal is a final
determination of the rights of the parties with reference to a defi-
nite and separate portion of the subject matter of the controversy.

4. MECHANICS' LIENS—*items for which the lien is claimed must
come strictly within the statute.* As mechanics' liens are purely
statutory, are in derogation of the common law and constitute a
privilege enjoyed by a particular class of creditors, the lien will
be allowed only for items which come strictly within the statute,
and the statute will not be construed to include cases not provided
for by its language even though they may fall within its reason.

5. SAME—*material for which lien is allowed must become part
of the completed structure.* The words, "used in said building or
improvement," and "used in construction," in section 7 of the
Mechanic's Lien act as amended in 1913, denote use as a part of
the construction so that the material becomes a part of the com-
pleted structure, and the lien will not be allowed for any other
material unless it is expressly included in the statute, as in case
of forms used in the construction of concrete work.

6. SAME—*necessity of use in construction does not give right to
lien.* Necessity of use of certain material in the process of con-
struction is not, under the statute, the test whether a lien will at-
tach, but the test is whether such material becomes a part of the
completed structure.

7. SAME—*lien cannot be allowed for expense of furnishing heat during the process of construction.* A mechanic's lien cannot be allowed for labor and material used in furnishing heat to a building during the process of its construction in cold weather for the purpose of protecting the workmen and the plaster or cement work, as such material and labor do not enter into the completed structure although they may be necessary in the process of construction.

8. SAME—*statute does not authorize lien for amounts paid for liability insurance.* Amounts paid by the contractor for public liability insurance or workmen's compensation insurance cannot be included in a claim for a mechanic's lien under the Illinois statute, as they do not constitute either labor or material.

APPEAL from the Second Division of the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. HUGO M. FRIEND, Judge, presiding.

STEIN, MAYER & DAVID, (SIGMUND W. DAVID, and LOUIS W. REINECKER, JR., of counsel,) for appellant.

HYMAN J. ROSENBERG, (ABRAHAM MILLER, and IRVING ZIMMERMAN, of counsel,) for appellees.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

The appellees, Harry Kaplan, Abe Sachs and Salomon Bin, as owners, on August 10, 1921, entered into a contract with William V. Hoier, doing business as the William V. Hoier Company, the appellant, by which the latter agreed to install, according to drawings and specifications, a heating and ventilating system in the building then to be erected at 2039 and 2041 West North avenue, Chicago. Construction of the building began in the autumn of 1921, and the owners desired that operations continue uninterruptedly during the ensuing winter months. To proceed with the interior work it became necessary to furnish heat during construction, and this was done by the appellant upon written orders from the appellees. He installed radiators tem-

313—29

porarily, by which heat was maintained twenty-four hours per day from January 19 to March 31, and during shorter periods until May 11, 1922. This work was not specified in the contract, but the appellant made claim therefor as an extra in the following items: Labor furnished in maintaining heat, $4551; public liability insurance, $.65 and $12.74; and workmen's compensation insurance, $3.68 and $71.91. The claim, among others, was not paid, and the appellant filed his re-amended petition in the circuit court of Cook county for a mechanic's lien. To this petition the appellees filed a general and special demurrer, which was sustained and the petition dismissed so far as the items above enumerated were concerned. The demurrer as to the rest of the petition was overruled. From the order of dismissal the petitioner appealed to the Appellate Court for the First District. In that court the appellees moved to dismiss the appeal, asserting that it had not been taken from a final order. The motion was denied and upon a review the decree of the circuit court was affirmed. The Appellate Court granted a certificate of importance, and the case is here by appeal from that court.

The record presents two questions: First, whether the order of dismissal by the circuit court was appealable; and second, whether a mechanic's lien, under our statute, can be maintained for the items claimed.

A judgment at law is a unit. A decree in equity may have the effect of several separate decrees. (*Walker* v. *Montgomery*, 236 Ill. 244.) An appeal may be taken from that part of a decree which deals with a particular subject, and such an appeal operates as a severance in the trial court of the parties and questions not concerned in the appeal. (*Mussey* v. *Shaw*, 274 Ill. 351.) The test is whether the decree or order appealed from determines the ultimate rights of the parties with respect to distinct matters which have no bearing on other matters left for further consideration. (*Sebree* v. *Sebree*, 293 Ill. 228; *City of Park*

*Ridge* v. *Murphy,* 258 id. 365; *People* v. *Vogt,* 262 id. 170.) The circuit court by its order of dismissal determined finally the rights of the parties with reference to a definite and separate portion of the subject matter of the controversy, hence the order was appealable, and the Appellate Court properly denied the motion to dismiss the appeal.

Mechanics' liens are purely statutory. This court has uniformly held that the statute relative to mechanics' liens is in derogation of the common law and that it must be strictly construed. (*Provost* v. *Shirk,* 223 Ill. 468; *North Side Sash and Door Co.* v. *Hecht,* 295 id. 515.) The lien should be enforced when the party brings himself within the provisions of the statute, but it should not be extended to cases not provided for by the language of the act even though they may fall within its reason. (*Provost* v. *Shirk, supra.*) Prior to the revision of the Mechanic's Lien law in 1895 it was well settled that a lien for materials could be enforced only to the extent of their actual use in the construction of the building or improvement. (*Compound Lumber Co.* v. *Murphy,* 169 Ill. 343.) Material might be used or work performed in processes of construction which would not come within the act. An example is afforded by the services of an achitect in drawing plans and specifications, who was unable to maintain a lien therefor until an express provision of the statute authorized the lien. (*Adler* v. *World's Pastime Exposition Co.* 126 Ill. 373; *Freeman* v. *Rinaker,* 185 id. 172.) In *Rittenhouse & Embree Co.* v. *Brown & Co.* 254 Ill. 549, it was held that material used in making forms into which concrete was poured did not come within the provisions of the statute since the material had not become a part of the completed structure. In 1913 the act was amended by including within its scope "forms or formwork used in the process of construction where cement, concrete or like material is used." This amendment authorized a lien for such forms when used in the process of construction in the manner specified, even though they

did not become a part of the completed building or improve-
ment. Before a lien could be enforced for such forms it
became necessary to amend the statute by making specific
provision for them, and until such provision was made their
use in the process of construction afforded no basis for a
lien. The rule of strict construction was consistently applied.

Section 7 of the Mechanic's Lien act, as amended in
1913, permits the enforcement of a lien, within certain lim-
itations, if "it is shown that such material was delivered
either to said owner or his agent for such building or im-
provement, to be used in said building or improvement, or
at the place where said building or improvement was being
constructed, for the purpose of being used in construction
or for the purpose of being employed in the process of con-
struction as a means for assisting in the erection of the
building or improvement in what is commonly termed forms
or formwork where concrete, cement or like material is used,
in whole or in part." The words "to be used in said
building or improvement," and "for the purpose of being
used in construction," have a more direct and immediate
relation to the improvement than do the words "for the
purpose of being employed in the process of construction as
a means for assisting in the erection of the building," etc.
"Used in said building or improvement" and "used in con-
struction" denote use as a part of the construction so that
the material becomes a part of the completed structure.
(*Rittenhouse & Embree Co.* v. *Brown & Co. supra.*) The
words "used in the process of construction" were not in
the act before the amendment of 1913, and are specifically
limited to "forms or formwork where concrete, cement or
like material is used." These words do not enlarge the act
to cover any other means employed in the process of con-
struction. Labor indirectly employed, unless it be upon
forms put to the specified use, will not give rise to a lien.
This amendment is one of several instances where the stat-
ute has been amended to include that which by strict con-

struction before that time had been held not to be within its purview.

The petition of appellant, as re-amended in amplification of the necessity for temporary heat in the building during its construction in the winter months, sets forth that concrete floors were laid and walls plastered, and that without the heat the floors would have cracked and the plaster fallen from the walls; that the heat was necessary to preserve the interior construction from damage by frost and that the men refused to work unless it was furnished; that interest on a mortgage on the property for a large sum was accruing, and that earlier completion of the building enabled the owners to reduce the interest charge during construction and to derive their rents and profits sooner, to their manifest advantage. In support of his petition the appellant contends that the heat used to give that temperature to plaster and concrete which enabled these substances to harden properly is material consumed in the process of construction; that it entered into the completed structure, and that in consequence labor performed in furnishing the heat gives him a lien therefor.

There are different degrees in which labor and material contribute to a completed structure, and a service which is indirect may be as essential to construction as that which is direct. Labor is necessary to furnish heat to preserve the interior construction of a building and to promote the comfort of workmen during the winter months. But necessity is not the test, under our statute, whether a lien will attach. The question is whether the labor performed in furnishing such heat is labor performed in constructing the building, or whether it is labor performed in one of the processes of construction as a means to assist in the erection of the building. It may be conceded that the heat gave the walls and floors the proper consistency, just as a tangible ingredient, if one had been invented for that purpose, would have done. Such an ingredient, when lodged in the com-

pleted structure, would be lienable, but it would be so only because it is within the terms of the statute. A lien for labor in furnishing heat in the construction of a building during cold weather may have reason to support it, but until such a lien is provided by the act we cannot extend its provisions to include it. The labor here performed in furnishing heat was not more necessary or closely connected with the actual construction of, nor did it enter more thoroughly into, the completed building as a constituent part than did the forms for cement work or the services of an architect in drawing plans and specifications before the amendment of the act allowing these items. Our statute makes a distinction between material delivered for the purpose of being used in the construction of a building and that used merely as a means in the process of construction except where specifically provided by the act, as in the case of the forms and formwork above specified. If labor employed to afford temporary heat to insure the comfort of workmen will authorize a lien, then it may be argued that food provided for their sustenance, and even lodging, while they are exclusively employed upon a particular building or improvement, will likewise support a lien. No authority has been cited to the effect that furnishing heat for the comfort of the workmen or to insure proper plastering or cement work has been regarded as material entering into the building or that labor in furnishing such heat has been labor performed in the building of the structure. No language in our statute justifies any such extension of its scope or meaning, nor can a lien for any such items be implied from its provisions.

Appellant argues that the case of *Rittenhouse & Embree Co.* v. *Brown & Co. supra,* is not in point; that the lumber for which a lien was there denied was only used temporarily for concrete moulds and forms, and, while depreciated in value by such use, was taken away by the contractor, and that therefore the case is readily distinguishable from the

authorities of other jurisdictions which allow a lien where material, though employed as a means in the process of construction, is consumed in such process, and upon that theory is held to have entered into the construction of the improvement. Cases are cited in which, on the same theory, a lien was allowed for coal furnished in heating and drying a building; (*Crowell Lumber and Grain Co.* v. *Ryan,* (Neb.) 193 N. W. 609;) for gunpowder used in preparing ground for the building of an aqueduct; (*Samson Co.* v. *Commonwealth,* 202 Mass. 326;) for dynamite used in blasting ground for a railroad; (*Schaghticoke Powder Co.* v. *Greenwich and Johnsonville Railway Co.* 183 N. Y. 306;) for explosives used in excavating tunnels through rock; (*Hercules Powder Co.* v. *Railroad Co.* 113 Tenn. 382;) for electricity used in illuminating a mine to enable laborers to work therein; (*Grants Pass Trust Co.* v. *Enterprise Mining Co.* 58 Ore. 174;) and for lumber, so far as consumed in the construction of a cofferdam to hold back water during the building of a permanent dam. (*Barker & Stewart Lumber Co.* v. *Marathon Paper Mills Co.* 146 Wis. 12.) These authorities, while very instructive, are not necessarily persuasive. The provisions of mechanic's lien statutes of other States vary from our own, hence the decisions under them afford little assistance in determining the question here involved. Usually the courts in those States have not applied, as is true here, the rule of strict construction in the interpretation of those statutes.

Appellant urges that he took into consideration the items for public liability and workmen's compensation insurance in fixing the contract price. These items do not constitute either labor or material, nor can they be made one or the other by computing them as a part of the wages paid or of the contract price. The lien is provided by statute and not by contract, and unless the statute, under the rule of strict construction, creates the lien none can be asserted or maintained. The remedy by mechanic's lien is in addition to

the ordinary remedies afforded by the common law and is a privilege. enjoyed by one class of the community above other classes. A party seeking to enforce such a lien must bring himself strictly within the terms of the statute. *Freeman* v. *Rinaker, supra; Provost* v. *Shirk, supra.*

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*