Edward Solomon, Inc., Assignee of H. Wold, Trading as H. Wold and Company, Appellee, v. I. D. Padorr et al., Appellants.

Gen. No. 38,206.

Opinion filed November 12, 1935.

MILLER, GORHAM, WALES & ADAMS and WILSON & MC-ILVAINE, all of Chicago, for appellants.

ALFRED LUBIN, of Chicago, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

I. Defendants Northern Trust Company, trustee, and Stanley Field are owners and Henrici, Inc., the

lessee of the premises known as 209 South Wabash avenue, Chicago. They have appealed from a decree entered in favor of the complainant in a suit brought to foreclose a mechanic's lien. The cause was heard upon exceptions of defendants to the report of a master. These exceptions were overruled and foreclosure granted, as recommended, for the sum of $2,255 found to be due.

January 31, 1929, the owners made a long term lease of the premises to William M. Collins, which was later assigned to Henrici, Inc. May 1, 1933, Henrici, Inc., subleased a portion of the premises to Visitors Tourists Service, Inc., a corporation, and others. May 24, 1933, H. Wold, doing business as H. Wold and Company, entered into a written contract with the Visitors Tourists Service, Inc., to furnish labor and material for laying cement floors and doing other work in the building on the premises. The work was done and material furnished as agreed. The claim of Wold has been assigned to Edward Solomon, Inc. The Visitors Tourists Service, Inc., failed to pay the amount due under the contract, and complainant thereupon took the necessary steps to perfect its claim for lien.

II. The question for determination on this appeal is whether within the meaning of section 1 of the Mechanics' Lien Act (Ill. State Bar Stats. 1935, ch. 82, p. 2012) the owner lessors, and Henrici, Inc., sublessor, are liable upon the theory that complainant contracted "with one whom such owner has authorized or knowingly permitted to contract for the improvements." The master found that "by virtue of the terms of said ground lease and sublease" defendants "knowingly permitted said labor and material to be furnished and performed as aforesaid, and failed to object thereto."

Unless knowledge can be inferred from the terms of the lease and the sublease, it has not been proved, since there is no other evidence tending to show knowl-

edge on the part of any defendant. Indeed, as to Henrici, Inc., there is affirmative evidence to the effect that there was no such knowledge.

By the ground lease it was agreed that nothing therein should "authorize the lessee to do any act" which would incumber the title nor subject the lessors' estate to any claim for lien or incumbrance, whether by operation of law or by virtue of express or implied contract by the lessee, and that any such lien arising from any act or omission of the lessee should accrue only against the leasehold estate and be subject to the paramount title and rights of the lessors.

The ground lease further obligated the lessee to erect a building upon the premises and to rebuild it in case of destruction by fire. Apparently referring to this situation, it was provided that the lessee would not enter into any contract for labor or material "in connection with any building to be placed upon said premises or to be rebuilt thereon" where the contract involved an amount in excess of $5,000, unless there was a condition in the contract that no lien would be claimed, and unless the contractor should thereby waive any and all right of claim to a lien so far as the lessors' interest was concerned. The lessee covenanted and agreed that he would cause waivers of lien as against the interest of the lessors in the demised premises to be duly executed "by the contractors furnishing labor, service or material in or about the erection or re-building of any such building," the same to be furnished as soon as the contractors should enter upon the performance of work or the furnishing of material.

The ground lease also provided that upon the expiration of the lease the lessors would pay to the lessee 80 per cent of the increased value of the demised premises, by reason of the improvements then thereon.

The sublease from Henrici, Inc., to the Visitors Tourists Service, Inc., provided:

''3. The parties of the second and third part (sublessees) agree at their expense to partition off in a manner satisfactory to the party of the first part that portion of the basement of the above described premises containing machinery, electrical equipment, and heating apparatus, and it is further covenanted and agreed between the parties hereto that the parties of the second and third part may make openings in the partition between the two (2) stores of the premises above demised and may re-surface the floors in the above demised premises; provided, however, that the parties of the second and third part shall before starting any such work deposit with the party of the first part sufficient money to cover the cost of making such improvements, including labor and material, and shall also deposit with the party of the first part waivers of mechanics' lien claims executed by the contractors who are to do the work or furnish the material, and provided further that, upon the termination of this lease, the openings in the partition between the two stores above demised shall be closed at the expense of the parties of the second and third part.

. . . . . .

''5. It is further covenanted and agreed between the parties hereto that the parties of the second and third part will not make any additions or improvements upon the premises hereinabove demised without the written consent of the party of the first part and without the first depositing with the party of the first part sufficient money to cover the cost of making such improvements, including labor and material, and without depositing with the party of the first part also waivers of mechanics' lien claims executed by the contractors.''

The sublease also provides that in addition to rent, money shall be deposited by the sublessees with the

sublessor sufficient to guarantee the vacation of the premises at the end of the lease, the restoration of the partitions between the two stores demised, the delivery of the premises in as good condition as when received, ordinary wear excepted, and the payment of all claims which might become liens upon the premises; further, that all improvements on the demised premises shall become the property of Henrici, Inc., at the termination of the lease.

III. The question to be decided requires the analysis of the provisions of the sublease and the proper interpretation thereof.

Complainant states the "main question that is pertinent to the issues in this case" in the form of question and answer. In substance, it asks, Does the sublease authorize the sublessees to make improvements and alterations? If the answer is "No," it says, then there is no right to a lien; if "Yes" then there is such right. After quoting the language of the sublease only in part, it says that this lease did, by express and unequivocal terms, authorize the sublessees to contract for improvements and alterations and the resurfacing of the floors, and since the same was plainly authorized the lien must be allowed.

Notwithstanding language used in some of the cases which might seem to approve, we think this reasoning by complainant as applied here is fallacious. It is true the sublease by implication authorized the alterations and improvements which the sublessee agreed to make, and to that extent the sublessor had knowledge, but the authorization was not unlimited or unconditional. There were provisions in the paragraph concerning the alterations and improvements which amount, as it seems to us, to conditions precedent. These conditions were (1) the consent of the sublessor in writing, (2) the deposit by sublessees of sufficient money to cover the cost of making improvements, and (3) the deposit with the sublessor of waivers of mechanics'

lien claims executed by the contractors. Complainant says that these are not conditions upon which the authority to make the improvements was granted but only covenants upon which in case of default the sublessor might sue the sublessees. The language of the sublease, as above set forth, the circumstances under which it was made, the evident object for which the provisos were inserted in the sublease, preclude such construction. Construed merely as covenants between the parties these provisions would be meaningless and useless, since at all events the sublessees would be liable to the contractor, in the first instance, and, secondarily to the sublessor in case the sublessor was compelled to pay the contractor on account of the default of the sublessees. Moreover, on this phase of the case, since the question is whether a lien arises, the sublease will in that respect be strictly construed as against complainant. *Decatur Lumber & Mfg. Co. v. Crail,* 350 Ill. 319; *Rohmeier Lumber Co. v. Knight,* 350 Ill. 248; *Alexander Lumber Co. v. Coberg,* 356 Ill. 49. This construction, we think, is not inconsistent with the cases to which our attention has been called. *Haas Electric & Mfg. Co. v. Springfield Amusement Park Co.,* 236 Ill. 452, upon which complainant much relies, is a case where the lease contained the written consent of the owner lessor, granting to the lessee (a park company) the authority to make improvements, provided these should remain on the premises at the expiration of the lease for the benefit of the lessor. The permission to make improvements was not conditional and was not limited as to either extent or character. A lien against the leasehold was, of course, allowed.

In *Boyer v. Keller,* 258 Ill. 106, there was a lease which gave permission to the lessee to make certain improvements, and the evidence justified a finding that these improvements were made pursuant to a joint enterprise of the landlord and the lessee. The evi-

dence also showed that the landlord was actually in and about the premises while the improvements were being made. A lien was allowed.

In *Loeff v. Meyer,* 284 Ill. 114, the lease provided:

"Lessees shall have the right, upon ten (10) days' previous notice in writing to lessor, to make such changes or alterations as they may deem suitable, provided such changes or alterations shall not diminish the value of the building and shall be paid for by lessees, but all material alterations, except changing the front of the building, shall be first approved in writing by lessor." It appeared that defendant landlord was present when the lease was signed and was at the building and saw the improvements while the same were in progress. It was held that the landlord waived the provisions in the lease to the effect that notice should be given to her, and a lien was allowed.

In *Carey-Lombard Lumber Co. v. Jones,* 187 Ill. 203, there was a clause in the 'lease which obligated the lessee to build improvements, to cost not less than $6,000 according to specifications to be approved by the lessor, who was also to approve the plan in writing, the improvements to become immediately a part of the realty and to be delivered to the lessor at the termination of the lease. The lease granted to the lessor an option for the first year to terminate the term by paying a stipulated sum for the improvements. There was a provision in the contract that no mechanics' lien should attach. The petition averred and the answer did not deny that provisions of the contract as to specifications, plans, etc., had been carried out in constructing the building, and it was held that a lien would attach, notwithstanding the provision that it should not. The lien could have been allowed either on the theory of a joint enterprise or waiver.

In *Provost v. Shirk,* 223 Ill. 468, Clarke, the owner, entered into an agreement with Shirk to convey the premises for $100,000, $40,000 to be paid in cash and

the balance from time to time as the work progressed on a building being constructed on the premises. This was for the purpose of aiding Clarke in the construction. Pursuant to the agreement, Clarke conveyed the premises to Shirk by warranty deed, Shirk giving back to Clarke a 99-year lease as agreed. The lease contained this provision:

"It is expressly understood and agreed, and notice is hereby given, that no transfer, assignment, mortgage, judgment, mechanic's lien or other lien shall in any degree or manner affect the lessor of said premises or his lien upon the interest of said party of the second part and his assigns in this lease, for the payment of the rent, and other sums to be taken as rent, that may accrue up to the end of this lease." Thereafter Clarke made a contract with Provost who agreed to furnish labor and material to complete certain work upon the building. Other contracts of the same kind were made with other parties. The provision of the 99-year lease to the effect that no mechanic's lien should affect the lessor, as above provided, was stated by way of *dicta,* on the authority of *Crandall v. Sorg,* 198 Ill. 48, to be invalid. As a matter of fact a lien was denied on other grounds.

In *Hacken v. Isenberg,* 288 Ill. 589, it appeared that Rollberg and his wife owned certain premises as joint tenants. They made a lease of same to Hacken for 10 years. Hacken made a contract with Isenberg and others to remodel the building according to plans and specifications made by an architect. A clause in the lease provided:

"That the said party of the second part (Hacken) will keep said premises in good repair, and will immediately replace all broken globes, glass or fixtures with those of the same size and quality as that broken." Another clause of the lease provided that Hacken would not permit alterations of the demised premises

except by written consent of the lessor, and that "all alterations and additions to said premises shall remain for the benefit of the lessor, unless otherwise provided in said consent." Under these circumstances Isenberg sued to foreclose an alleged lien for work and material in remodeling the building and obtained a decree which was affirmed by the Appellate Court. This decree was reversed by the Supreme Court in an opinion holding that the lease did not authorize but forbade alterations and additions except by written consent of the lessor; that no such written consent was given, and that the same could not be made by the lessee until he was authorized to do so by a further writing. The opinion states:

"The interest of the lessor cannot be subjected to a mechanic's lien for the subsequent construction of alterations and additions to the building, in the absence of any showing that he or she authorized or consented to the same."

In Love's Ill. Mechanics' Liens, p. 83, the author summarizes the classes of cases in which the estate of a landlord is subject to a lien in favor of the tenant's contractor. They are said to be:

"1. When landlord knows of the making of the contract for the improvements, or knows that the improvements are being made, and fails to protest: paragraph 35.

"(a) This is true even though the lease prohibits alterations by the tenant or seeks to exempt the landlord's estate from liability for liens, which provision may be known to the contractor: paragraphs 35 and 36.

"2. When lease authorizes or requires alterations or improvements by the tenant and provides that the same shall remain the property of the tenant: paragraph 37.

"(a) Same as 'a' above.

"(b) But mere requirements of 'repairs' by the tenant does not amount to authority to install 'improvements' or 'alterations'; paragraph 39.

"3. When the making of the improvements may be deemed the joint enterprise of the landlord and tenant: paragraph 38."

The author further summarizes the cases in which the landlord's estate is not subject to such lien, as

"1. When neither situation '1,' situation '2' nor situation '3,' above described, is present.

"2. When improvements are trade fixtures, or other improvements, removable by the tenant at the end of his term: paragraph 41."

This summary of classes where the lien in favor of the contractor is allowed does not include a case where, as here, the authorization to make the improvement is subject to conditions precedent.

For the reasons we have already stated we hold that the sublease here authorized the sublessees to make the improvements only upon the performance of conditions precedent, which were not performed; that there was therefore no authority in the sublessees to make the contract with respect to these improvements on which complainant seeks to bind the interest of owners and sublessors. For similar reasons the estates of the owners are not liable.

The decree of the circuit court is reversed and the cause remanded, with directions to dismiss the bill.

*Reversed and remanded with directions.*

McSURELY, P. J., and O'CONNOR, J., concur.