## Abram Brokaw v. Tyler & Hippach, John W. Evans' Sons Co., George McIntosh, Holder, Milner & Co., Emilie A'. Higgins, Adm'x, Chicago Gas & Electric Fixture Mfg. Co., et al.

1. MECHANICS' LIENS—*Landlord and Tenant.*—Where a landlord knowingly permits his tenant to put improvements upon the demised premises, the person who furnishes the material or labor for such improvements will be entitled to a lien upon the premises under the statute.

Mechanics' Liens.—Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1900. Affirmed. Opinion filed September 11, 1900.

ROWELL, NEVILLE & LINDLEY, attorneys for appellant.

HOMER W. HALL, attorney for Tyler & Hippach.

A. E. DEMANGE, attorney for John W. Evans' Sons Co. and Geo. McIntosh.

H. D. SPENCER, attorney for Holder, Milner & Co.

Young & Potter, attorneys for Chicago Gas and Electric Fixture Mfg. Co.

Louis Fitzhenry, attorney for Emilie A. Higgins, Adm'x.

Mr. Justice Burroughs delivered the opinion of the court.

This was a bill by appellees against appellant for a mechanic's and material man's lien upon certain real estate owned by appellant and situated in the city of Bloomington, Illinois, to enforce the payment of a certain sum of money due them for certain improvements which they had put upon the property under a contract with James L. Brown, the tenant of appellant in possession of the property under a written lease from appellant, in which Brown was authorized to make the improvements, but had therein agreed to keep appellant clear of all liens on account of such improvements.

The evidence shows that appellant saw appellees put the improvements upon his property, but in no way gave them to understand that he was unwilling that they should have the lien thereon therefor, or that they must look to Brown for their pay for the same.

The principal question for our determination is whether or not such lien as appellees claim, attaches to the interest of appellant in the property under the circumstances. The Circuit Court held it did, and we think correctly; for section one of our lien act provides "that any person who shall by contract with the owner of a lot or tract of land, or with one whom such owner has authorized or knowingly permitted to improve the same, * * * furnishes * * * materials * * * or performs labor * * * shall have a lien upon the whole of such tract of land or lot, * * * for the amount due him for such materials * * * or labor. * * * This lien shall extend to an estate in fee, for life, for years, or any other estate, or any right of redemption, or other interest which such owner may have in the lot or land. * * *

By the terms of the lease the appellant authorized his

tenant to make the improvements; and the evidence show-ing that he knowingly permitted his tenant to make them, and appellees having, under those circumstances, put the improvements upon appellant's property under a contract with appellant's tenant, have a right to a lien for the amount due them therefor under the express provision of the statute.

Appellant ought not to be permitted to defeat appellees' lien under those circumstances, but must resort to his tenant for redress of any grievance he may have by reason thereof under his agreement in the lease, to keep him clear on account of such lien. Appellant also contends that the Circuit Court improperly decreed that he should pay the amount it found was owing to the lienors for the improve-ments, when the evidence fails to show that he had ever promised to pay them therefor.

We have carefully examined the decree, and find that in effect it only directs the property to be sold in the event that appellant fails to pay such amount in a short day, which is the usual and proper decree in such cases.

The decree of the Circuit Court being in accordance with our view of the law applicable to the facts disclosed by the record, we affirm it.