### Reliable Plumbing and Heating Company, Appellant, v. William C. Dallenbach et al., Appellees.

This case is controlled by the decision in Brokaw v. Tyler, 91 Ill. App. 148, and by that of Haas Mfg. Co. v. Springfield Amusement Park Co., 236 Ill. 452.

Mechanic's lien. Appeal from the Circuit Court of Champaign county; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the May term, 1908. Reversed and remanded. Opinion filed November 17, 1908; modified December 16, 1908.

F. M. & H. I. GREEN, for appellant.

H. LEONARD JONES, for appellees.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an appeal from a decree sustaining a demurrer to and dismissing the interpleader of appellant in a mechanic's lien proceeding instituted by appellee Boyer, for the purpose of establishing a lien against a certain building, for materials furnished and work performed thereon. The interpleader avers that during the year 1896, several of the appellees, who were at the time the owners of the premises in question, leased the same to appellee Keller for use as a theater only; that the lease contained the following provision: "Privilege is accorded to the second party (lessee) to make alterations and repairs to the exterior and interior of said building, all of which is to be paid for by the second party * * * ." It is further averred that the building as then constructed was wholly unfit to be used as a theater, and that its construction and interior arrangement had to be remodeled; that the lease to Keller was made with the specific understanding between the owners of the property and the lessee that he should remodel the interior of the building so as to make it suitable for theater purposes, the only purpose for which it could be used under the specific terms of the lease; that the heating

and plumbing system was entirely inadequate to be used in the building when the changes were made, without altering and remodeling the same, and that it was understood by the owners that the same should be remodeled and changed by the lessee to fit the premises for use as a theater; and further, that the owners agreed that in remodeling the heating and plumbing system, so much of the old material in the building might be used as was available; that Keller thereupon entered into a contract with appellee Boyer to do the carpenter work in the general construction of the interior, and with appellant to so remodel and repair the heating and plumbing systems in the building, as to fit the same for use as a theater; that appellant thereupon entered upon and completed the performance of the said contract; that during the progress of the work the owners of the building were frequently in the building and saw that the heating and plumbing system was being changed and installed and well knew what was being done, and by whom; that after the contract was prosecuted to completion, the then owners sold and conveyed the premises to the defendants Coffin and Dallenbach, and assigned to them the lease to Keller; and further, that appellant had filed a claim for lien with the circuit clerk within the time required by the statute.

The vital question involved in this case is whether or not appellant can enforce a lien against the title of the defendants Coffin and Dallenbach to the premises in controversy, or whether its only relief is against the leasehold interest of Keller. Under the views expressed by this court in Brokaw v. Tyler, 91 Ill. App. 148, and by the Supreme Court in the recent case of Haas Mfg. Co. v. Springfield Amusement Park Co., 236 Ill. 452, the chancellor erred in not granting the relief asked by appellant's interpleader. The decree will therefore be reversed and the cause remanded.

*Reversed and remanded.*