## H. Friebele, Appellee, v. Samuel Schwartz, Appellant.

## Gen. No. 5525.

1. MECHANIC'S LIENS—*when action may be maintained.* A decree in favor of an original contractor which is against the owner only will be sustained where the action was instituted within two years after the completion of the contract.

2. MECHANIC'S LIENS—*effect of exemption provision contained in lease.* A provision in a lease, of which third parties have no notice, that the lessor's interest shall be exempt from mechanics' liens, is void as against such third parties.

3. MECHANIC'S LIENS—*when owner of fee liable.* An owner knowing an improvement is being made must object to the improvement; otherwise he knowingly permits the improvement and thereby consents to the party being entitled to a lien.

Mechanic's lien. Appeal from the Circuit Court of Lake county; the HON. ROBERT W. WRIGHT, Judge, presiding. Heard in this court at the April term, 1911. Affirmed. Opinion filed October 13, 1911. Rehearing denied November 23, 1911.

COOKE, POPE & POPE, for appellant.

E. S. GAIL, for appellee.

MR. PRESIDING JUSTICE GEORGE W. THOMPSON delivered the opinion of the court.

In April, 1909, Samuel Schwartz leased to Patrick Crowe for a term of one year ending May 1, 1910, certain premises, known as the Park Hotel, in the City of Highland, to be used as a hotel and sanitarium. The building was a three story brick with a two story frame addition. In June, 1909, Crowe entered into a contract with Friebele to paint the outside of the building and the fence and to furnish the necessary material. On September 23, 1909, after the work was done Friebele filed a bill against Schwartz and others to establish a lien on the premises for the sum of $321.70, the cost of the improvements. Gust Ostrand filed an answer claiming a lien for $80 for plumbing done in the building at the request of Crowe. Schwartz flled an answer denying the allegations of the bill and that he had consented to, or knew of the improvements. The cause was referred to the master who reported the evidence with his conclusions, that there was due Friebele $321.70 with interest from August 1, 1909, and that there was due Ostrand $64.35 with interest from August 1st and

that Crowe with the knowledge of Schwartz, the owner, had made the contract with Friebele for the improvements made by him, and that Schwartz had knowingly permitted Friebele to furnish such material and labor, and that Schwartz knowingly permitted Ostrand to do the work and furnish the material for which he claimed a lien. The court approved the findings of the master and entered a decree for a lien in favor of each of the lien claimants.

Schwartz appeals and insists that the appellees are not entitled to a lien but does not question the amounts decreed to be a lien on the premises. The lease states that the premises are in good repair and the tenant covenants to keep them in repair. The evidence shows that the premises were out of repair and needed painting. Crowe testified that he told Schwartz ten days before he let the contract to Friebele that he was going to have the building painted and that Schwartz told him to go ahead. The proof by several witnesses is that Schwartz was about the building while the work was being done, and directed the painters in their work, telling them to putty the cracks and nail holes, and in various ways showed his interest in the work. One of the witnesses testified that while working on the building he said to Schwartz "You are getting the building fixed up pretty nice," and Schwartz replied "Yes, that is good; Crowe is putting it in good shape; it needed it pretty badly and they are making a nice job and I have no kick coming." There was a brewery and saloon sign on the building and Schwartz told one witness it would take at least three coats to paint the sign over.

Ostrand testified that Schwartz was at the building when he began work on July 2nd and when he was endeavoring to find the sewer Schwartz showed him where it was. Schwartz denies the statements made by the witnesses, but the evidence is overwhelming that he was about the building while the work was being

done and not only did not object but gave instructions to the men doing the work as to what they should do.

Appellant contends that Ostrand was a subcontractor and that his claim for a lien was barred by his failure to give notice to appellant of his employment to do the work within sixty days, and by his "failure to file a claim with the recorder within four months from the time of the completion of the work or the failure to file an answer in the nature of an intervening petition within four months," from the time the work was completed.

The evidence clearly shows that Ostrand was an original contractor and not a subcontractor. Under section nine of the Lien Act, Ostrand, an original contractor, had two years within which to bring his suit as against appellant. The statute (section seven) provides that "No contractor shall be allowed to enforce such lien against or to the prejudice of any other creditor, or encumbrancer, or purchaser, unless within four months after completion * * * * * *he shall either bring suit to enforce his lien therefor or shall file with the clerk of the circuit court;" but such claim for lien as to the owner may be filed any time after the contract is made and within two years after the completion of said contract. The decree in favor of appellees is only against the owner and subject to the rights of prior creditors and encumbrancers. No error is assigned concerning the right of Friebele to have his claim declared a lien prior to the lien of Ostrand and appellant is not interested in that question.

Appellant also contends that because Crowe, a tenant, contracted for the improvements the law will not give a lien against the leased property.

The lease contains a covenant on the part of the tenant, that he will not permit any alterations of, or upon any part of the premises, and appellant urges that this is a covenant not to make repairs; it also contains a covenant to keep the premises in repair. The appellees

had no knowledge of the provisions of the lease. A provision in a lease of which third parties had no knowledge, that a lessor's interest shall be exempt from mechanics' liens, is void as against such third parties for the reason such a provision would be an attempt to set aside the law of the land. Crandall v. Sorg, 198 Ill. 48.

Appellant cites numerous authorities, to the effect that a tenant cannot render the property of the landlord liable to a mechanics' lien. These authorities are based on the statute prior to 1895, which provided "That any person who shall by contract express or implied or partly expressed and partly implied with the owner of any lot" etc. Since 1895, the statute contains the further clause "or with any one whom such owner has authorized, or knowingly permitted to contract for the improvements" etc. Under the present statute an owner, knowing an improvement is being made, must object to the improvement, otherwise he knowingly permits the improvement and thereby consents to the party being entitled to a lien. Haas Electric Co. v. Amusement Co., 236 Ill. 452; Wertz v. Mulloy, 144 Ill. App. 329. The evidence shows that both lienors were original contractors and establishes the fact that appellant authorized or knowingly permitted Crowe to contract for the improvements. The decree is affirmed.

*Affirmed.*