ARTHUR S. BOYER *et al.* Appellants, *vs.* E. F. KELLER *et al.*
Appellees.

*Opinion filed February 20, 1913—Rehearing denied April 2, 1913.*

1. MECHANICS' LIENS—*section 1 of Mechanic's Lien law does not abridge the owner's right to contract with lessee.* Section 1 of the Mechanic's Lien law does not preclude an owner of premises from contracting with the lessee that the latter shall make improvements at his own expense, and is therefore not unconstitutional as abridging the owner's right in that regard; but if the contract is kept a secret from the contractors employed to do the work, the owner subjects the premises to mechanics' liens for labor and material furnished.

2. SAME—*lessee agreeing to make repairs at his own expense is not to be regarded as the principal contractor.* Where the owner of premises agrees with the lessee that the latter shall make alterations and improvements at his own expense but such agreement is not made known to the contractors employed to do the work, the lessee is not to be regarded as the principal contractor, the terms of whose contract with the owner would be binding upon the contractors furnishing the material and doing the work. (*Carey-Lombard Co.* v. *Jones,* 187 Ill. 203, followed.)

3. SAME—*when provision that lessor's interest shall not be subject to liens is void.* Where the improvement of premises is the joint enterprise of the owner of premises and the lessee, a provision in the lease to the effect that the lessor's interest shall not be subject to mechanics' liens for labor or material furnished for the improvement is void, as an attempt to set aside the law of the land.

4. SAME—*when alteration of building is the joint enterprise of owner and lessee.* Where a building leased solely for a theater is wholly unfit for use for such purpose without extensive alterations, and the lease provides that the lessee may make alterations at his own expense and gives him the right of renewing the lease for two additional years at an increased rental each year, the matter of making such alterations must be regarded as the joint enterprise of the owner and lessee.

5. SAME—*the lien given by the statute attaches as of the date of the contract.* Where the provisions of the statute are complied with, the lien given by the Mechanic's Lien act attaches as of the date of the contract, and whoever purchases the property after the contract is made, purchases subject to the lien under that contract and is bound by it.

6. SAME—*contractor should not be allowed for same item a lien is allowed to material-man.* Where part of the amount claimed by a contractor is for the same item set forth in the claim of a material-man it is improper to allow such item to both the contractor and material-man, and if allowed to the latter the item should be deducted from the contractor's claim.

7. SAME—*objection that a claim is not properly verified comes too late on appeal.* The objection that a claim for a mechanic's lien was not properly verified comes too late on appeal, when not urged before the master or the chancellor.

8. SAME—*effect where a claimant was incorporated after contract was made.* The fact that the contract for plumbing and heating was made with a partnership whereas the claim for lien was filed by a corporation does not defeat the right to a lien, where the claim was properly assigned by the partnership to the corporation.

APPEAL from the Circuit Court of Champaign county; the Hon. SOLON PHILBRICK, Judge, presiding.

GREEN & PALMER, RAY, DOBBINS & DOBBINS, FRED B. HAMILL, and C. D. THOMAS, for appellants.

SCHUMACHER & BUSCH, and HERRICK & HERRICK, for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

Arthur S. Boyer, a contractor of Logansport, Indiana, filed his bill of complaint in the circuit court of Champaign county to enforce a mechanic's lien against lots 7, 8, 9 and 10 of A. J. Galloway's subdivision of lot 23 in Galloway & Smith's addition to Urbana, now a portion of the city of Champaign, for work done and material furnished by him in the alteration and repair of a building situated on said lots. William Dallenbach and Thomas V. Coffin were the owners of the premises at the time the bill was filed, and they, together with John B. Woodcock, E. S. Swigart, John N. Beers, E. C. Ireland and C. E. Page, who were the owners of the premises when the contract for making the alterations and repairs was entered into, were made de-

fendants to the bill. E. F. Keller, who was lessee of the premises and who contracted for the alterations and repairs, and numerous persons, firms and corporations who had either performed work and furnished material under contracts with Keller or had furnished material to Boyer for use in the building and who had filed claims for liens with the clerk of the circuit court of Champaign county, were also made defendants. All of the defendant lien claimants filed cross-bills· seeking enforcement of their respective liens. After the issues had been made up the cause was referred to the master, who took the evidence and reported the same, together with his findings, to the court. The master found that the complainant and cross-complainants had established liens against the premises for the respective amounts found by him to be due them. During the pendency of the suit Coffin conveyed his interest in the premises to Dallenbach, and the latter was, at the time of the hearing before the master, the sole owner of the premises in controversy. Dallenbach filed objections with the master to his report, which were overruled. These objections were renewed as exceptions in the circuit court. A hearing was had upon the master's report and the exceptions thereto, which resulted in a decree sustaining the exceptions, finding the issues in favor of the defendants and dismissing the bill and cross-bills for want of equity. By an amendment to their answer made after the master had filed his report, and by the objections and exceptions to the master's report, the defendants Dallenbach and Coffin attacked the validity of sections 1 and 21 of the Mechanic's Lien act on the ground that those sections were unconstitutional, and the provisions of the decree clearly show that the action of the circuit court in dismissing the bill and cross-bills for want of equity was principally based on the ground, as set forth in the decree, that section 1 of the Mechanic's Lien act, in so far as it attempts "to give a contractor a lien upon the fee simple estate of real estate

or property for improvements caused to be made thereon by the tenant of said property, with the landlord's permission but without the authority of the landlord or any obligation on his part to have said improvements made, and without limiting the said lien to the leasehold estate of said tenant, is unconstitutional, as depriving the owner of his property without due process of law." As a constitutional question is involved, the complainant and cross-complainants below have prosecuted an appeal directly to this court.

An examination of the evidence taken before the master discloses the following state of facts, being, in substance, the same as found by the master and by him reported to the court: On October 1, 1906, the defendants Woodcock, Ireland, Beers, Swigart and Page owned the premises in question. At that time there was situated on the lots above mentioned a wooden structure which was, and had been for some time, used as a skating rink, and it was wholly impractical to use the building as a theater without making extensive changes and repairs, which fact was known to the owners of the building when they made the lease hereinafter mentioned. On the date last mentioned the then owners of the premises entered into a written lease with E. F. Keller by which they leased the premises to Keller for a term of one year, beginning November 1, 1906, the rental being $600, payable in monthly installments of $50 each. The lease provided that the premises were to be used only as a theater. Keller was also given the option of extending the lease for an additional term of two years, at an annual rental of $700 for the second year and $800 for the third year. The lease provided that all payments of rent should be made at the office of John N. Beers, treasurer. The lease also contained the following provisions: "It is further agreed by the said party of the second part (Keller) that neither he nor his legal representatives * * * will make any alter-

ations, amendments or additions to the buildings on said premises without the written consent of the party of the first part (the owners) had hitherto. * * * It is further agreed by the party of the second part that he will keep said premises in a clean and healthy condition, in accordance with the ordinances of the city and the directions of the boards of health and public works, and that he will keep up all repairs in and upon said building. Privilege is accorded to second party to make alterations and repairs to exterior and interior of said buildings, all of which is to be paid for by second party, except that first party agrees to paint the front of said building with two coats of paint." On October 10, 1906, Keller contracted with the appellant Boyer to do the carpenter work necessary to make the building suitable for use as a theater; on October 22 Keller contracted with appellant George W. Cann & Co. to do a portion of the electrical wiring and furnish a portion of the electrical fixtures in the building; on November 9 he contracted with appellant C. M. Caldwell to do additional electrical wiring and furnish additional electrical fixtures; on November 10 he contracted with appellant John Mehaffie to furnish and line the building with metallic lining; and on the same day he contracted with appellant the Reliable Plumbing and Heating Company to do the plumbing and install a heating plant in the building. The claim of appellant the Alexander Lumber Company is for material furnished Boyer and other of the lien claimants and by them used in making the repairs and alterations which they had contracted to make. Boyer completed his portion of the work on November 3, 1906, and the other lien claimants completed their respective portions of the work at various times between that date and January 1, 1907. On the latter date all the work was completed, and Keller thereafter conducted a combined vaudeville and moving picture show in the building for a short time. Keller failed to pay for the work which had been done on the building, and

soon after January 1, 1907, abandoned the lease and sur-
rendered possession of the premises to the owners. Dur-
ing the months of February, March and April of the year
1907 the lien claimants filed their claims for liens in the
office of the clerk of the circuit court of Champaign county.
In the meantime most of the owners of the premises had
conveyed their interests by quit-claim deeds. Woodcock
conveyed his interest to Dallenbach on December 5, 1906;
Page conveyed his interest to Dallenbach on December 13,
1906; Beers conveyed his interest to Coffin on February
26, 1907, and Ireland conveyed his interest to Coffin on
February 27, 1907. Thereafter, on April 2, 1907, Swigart
conveyed his interest to Coffin, and after the bill was filed
herein, Coffin, on September 19, 1908, conveyed his in-
terest to Dallenbach, and the latter thereby became sole
owner of the premises. The evidence shows, and the mas-
ter found, that all of the changes and alterations made
by the lien claimants were permanent in character and in-
creased the value of the premises more than the cost of the
improvements, and that they were accepted by Keller and
used by him and have been used by the owners of the
premises up to the present time.

Two principal questions are presented: First, whether
section 1 of the Mechanic's Lien act, in so far as it sub-
jects to a lien the property of one who has knowingly
permitted another to contract for improvements or repairs
which have been placed on the property, violates the con-
stitution of this State; and second, whether the improve-
ments in question were, in fact, made with the permission
or authority of the owners of the building.

In order to sustain the decree under the first propo-
sition, appellees contend that section 1 of the Mechanic's
Lien act impairs the right to contract, and that it is there-
fore unconsitutional. That part of said section 1 which is
here involved is as follows: "That any person who shall
by any contract or contracts, expressed or implied, or partly

expressed and partly implied, with the owner of a lot or tract of land, or with one whom such owner has authorized or knowingly permitted to contract for the improvement of, or to improve the same, furnish material, fixtures, apparatus or machinery for the purpose of, or in the building, altering, repairing or ornamenting any house or other building, * * * shall be known under this act as a contractor, and shall have a lien upon the whole of such lot or tract of land and upon the adjoining or adjacent lots or tracts of land of such owner," etc. We are unable to perceive wherein this section restricts the right of the owner of real estate to freely contract in reference to improvements which shall be made upon it. The owners of the premises here involved had the undoubted right to contract with Keller that any improvements made upon the same during the existence of the lease should be made at the cost and expense of the lessee, and section 1 of the Mechanic's Lien act does not prevent a complete enforcement of that contract. So long, however, as that contract remained a secret agreement between the lessors and the lessee, said section 1 made the lessor owners liable in case they authorized or knowingly permitted the lessee to contract for the improvement of the property without advising the contractors or material-men of the provisions of the lease and notifying them that they must deal with the lessee under its terms. The master found that none of the lien claimants knew anything about the provisions of the lease from the owners to Keller until after the work had been completed and Keller had abandoned the premises, when they were informed by the owners of the provision of the lease requiring Keller to pay for alterations, repairs and improvements. An examination of the record discloses that this finding of the master is supported by a great preponderance of the evidence.

Appellees rely upon *Kelly* v. *Johnson,* 251 Ill. 135, in support of their contention that said section 1 is invalid.

In that case section 21 of the Mechanic's Lien act was involved and an entirely different question presented, and what was said there can have no application to the question presented here.

In this same connection it is insisted that the lessee, Keller, occupies the position of the original or principal contractor, and that as these lien claimants were all subcontractors, they are bound by the terms of the contract between the principal contractor, Keller, and the owners, under the holding in *Kelly* v. *Johnson, supra.* This same contention was made in *Carey-Lombard Lumber Co.* v. *Jones,* 187 Ill. 203, where a similar contract was before us for consideration and was decided adversely to the contention of appellees. What was there said is a conclusive answer to this contention, and we adhere to that holding. Section 1 of the Mechanic's Lien act is not subject to the criticisms made.

As to the contention that the improvements were not, in fact, made with the permission or authority of the owners, we have before us the provisions of the lease, which expressly gave Keller that permission. In addition, it appears from the evidence, and the master so found, that the defendants who owned the premises on October 1, 1906, had full knowledge of the making of the contracts with the lien claimants and were frequently in and around the building while the alterations and repairs were being made. Beers, especially, took an active part in the negotiations leading up to the making of the contracts. He went with Boyer, who was a stranger in Champaign, to the office of the Alexander Lumber Company and introduced him to the manager of that company as the contractor who was to do the carpenter work on the building, and requested the manager to treat Boyer right and to make him right prices on material. Beers also had conversations with the members of the firm doing business under the name of the Reliable Plumbing and Heating Company, and with

258 – 8

C. M. Caldwell, and was instrumental in the making of the contracts between them and Keller for the work done by them. Page gave the Reliable Plumbing and Heating Company two radiators which belonged to him, for the purpose of being used as a part of the heating system installed in the premises. Other materials belonging to the owners were used with their full knowledge in making the improvements. The owners of the premises could have said or done nothing more than they did say and do to lead each of the lien claimants to believe that the improvements were authorized by them and were being made with their full permission. Under this state of facts the case is brought fully within the provisions of section 1 of the Mechanic's Lien act, and appellants were entitled to have their liens enforced.

Furthermore, under the terms of this lease the making of these improvements was, in fact, the joint enterprise of the lessors and the lessee. The lease provided for an annual rental of $600, that the premises were to be used only as a theater, and gave the lessee express authority to make alterations and repairs. At the time the lease was made, the condition of the building on the premises was such that it was not possible to use it as a theater without the making of extensive alterations and improvements. While the lease did not expressly provide against the attachment of mechanics' liens to the interest of the owners, it is contended by appellees that the provision that the alterations and repairs were to be paid for by the lessee amounts to such an agreement. If the lease is subject to that interpretation it would avail appellees nothing, as a provision in a lease that the lessor's interest in the real estate upon which improvements are to be made as the joint enterprise of the parties shall be exempt from mechanics' liens is void, as being an attempt to set aside the law of the land. *Crandall* v. *Sorg,* 198 Ill. 48; *Provost* v. *Shirk,* 223 id. 468.

Dallenbach and Coffin both testified that when they purchased the interests of the owners they had no notice that there were any liens against the premises. Coffin admitted that he knew the building had been recently remodeled, but Dallenbach testified that he did not know, when he purchased the property, that any alterations or repairs had been made. The lien given by the statute to a mechanic or material-man for work done or material furnished in the erection or repair of a building will attach from the date of the contract, and whoever purchases the property after the contract is made, purchases subject to the lien under that contract and is bound by it. *Clark* v. *Moore,* 64 Ill. 273; *Springer* v. *Kroeschell,* 161 id. 358.

A part of Boyer's claim is based on a balance due the Alexander Lumber Company for lumber used by him in the making of these improvements. The evidence shows that of this amount the sum of $228.30 is also included in the claim of the Alexander Lumber Company for materials furnished. The master found that there was due Boyer on his claim the sum of $401.31, and also found that there was due the Alexander Lumber Company the full amount of its claim. These findings, if followed, would result in the double payment of a portion of the amount due the Alexander Lumber Company, and were therefore erroneous. The master should have found that there was due Boyer the sum of $173.01.

The appellees also contend that improper items, such as railroad fare and board bills, were included in some of the claims, but an inspection of the record discloses that these items were all deducted by the master.

It is also urged that the claims of Mehaffie and Cann & Co. were not verified, as required by statute. This objection was not made before the master or in the court below and cannot now be urged here.

It is also claimed that the contract for the heating was made with the Reliable Plumbing and Heating Company,

a co-partnership, whereas the claim for lien was filed by the Reliable Plumbing and Heating Company, a corporation. The evidence shows that this claim was properly assigned, and the corporation, under the statute, has the right to present it and seek to have it enforced.

The chancellor erred in sustaining the exceptions to the master's report; except as to the amount due the appellant Boyer, and in dismissing the bill and cross-bills for want of equity.

The decree of the circuit court is reversed and the cause remanded, with directions to overrule the exceptions to the master's report except as to the amount due appellant Boyer, and to enter a decree in accordance with the findings of the master after deducting the sum of $228.30 from the amount found due appellant Boyer.

*Reversed and remanded, with directions.*