## The Fehr Construction Company, Appellee, v. Postl System of Health Building et al., on appeal of Chapin & Gore, Appellant.

### Gen. No. 19,950.

1. MECHANICS' LIENS, § 17*—*improvements for which lien is given.* There can be a mechanic's lien for only such work as constitutes a permanent improvement to the building or articles furnished which might be considered permanent fixtures.

2. MECHANICS' LIENS, § 17*—*items not lienable.* Lockers and such extras as racks for letter files, shelves for stenographer's desk, oak shelf, etc., placed in a building under a contract with a tenant to be used for its convenience and business, *held* to partake of the nature of trade fixtures and therefore not items for which a mechanic's lien could be given.

3. MECHANICS' LIENS, § 212*—*when court of review cannot apply payments to nonlienable items.* On appeal from a mechanic's lien decree, the Appellate Court cannot apply payments made on the contract to the nonlienable items, where the value thereof is included in the contract price and there is no evidence in the record to show what part of the contract price was represented by the lienable or nonlienable items.

4. MECHANICS' LIENS, § 212*—*when court of review cannot enter judgment.* On appeal from a mechanic's lien decree declaring a lien for some nonlienable items, the Appellate Court cannot enter judgment for the lienable items, where the items are included in the contract price and there is no evidence in the record as to the value of the different items from which value of the lienable or nonlienable items can be determined.

5. MECHANICS' LIENS, § 24*—*items not lienable.* Electric cabinets, curtains, hooks and labor necessary for their installation, *held* not

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

to constitute permanent fixtures or improvements to the building so that a mechanic's lien could be given therefor.

6. MECHANICS' LIENS, § 24*—*when item constitutes permanent fixture.* Marble and work furnished in connection with the installation of a shower bath in a building for a tenant, *held* to constitute a permanent fixture rather than a trade fixture, where the lease provided that no alterations nor additions were to be made except with the consent of the lessor, and such consent was given to the installation of the shower bath, and the lease further provided that all alterations and additions should remain for the benefit of the lessor.

Appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed in part, reversed in part and and remanded. Opinion filed November 19, 1914.

WILLIAM S. NEWBURGER and BENJAMIN P. RUEKBERG, for appellant.

BULKLEY, GRAY & MORE, for Harty Bros. & Harty Co.

ASHCRAFT & ASHCRAFT, for appellees Davidson Bros. Marble Co. and Benjamin Hansen; CHARLES F. RATHBUN, of counsel.

MR. JUSTICE PAM delivered the opinion of the court.

This is a proceeding to enforce claims for mechanics' liens against the leasehold interest of Chapin & Gore, a corporation which has a ninety-nine year lease on the premises at 61-67 East Adams street in the city of Chicago. The complainant in the original bill was the Fehr Construction Company, and the original defendants were the Postl System of Health Building and Chapin & Gore, both being corporations. Afterwards leave was given to Harty Brothers & Harty Company, a corporation, James H. Roche, E. J. Pickett & Felden, Davidson Brothers Marble Company, a corporation, Benjamin Hanson, to become parties defendant, and

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Fehr Const. Co. v. Postl System of Health Bldg., 189 Ill. App. 519.

leave having been obtained, they all respectively filed their answers, which also were intervening petitions to enforce their liens. The original defendant, Chapin & Gore, filed its answer, but the Postl System of Health Building did not answer, and default was entered against it.

The cause was referred to a master, evidence was heard upon the bill and the various answers, hereinafter referred to as petitions, and the report of the master recommended a decree for liens in favor of the complainant and all the petitioners. The objections on behalf of the appellant, hereinafter referred to as defendant, were filed before the master and overruled, and by order of the court stood as exceptions in said cause, which upon argument before the court were overruled and a decree entered in conformity to the recommendations of the master, directing a sale of said leasehold estate, from which decree the defendant has prayed this appeal.

Defendant is the owner of a 99-year lease upon the aforementioned premises, upon which stands a completed eight-story building. In January, 1912, it leased to the Postl System of Health Building a large part of the seventh floor in said building, for a period of five years, at a rental of $300 per month. The premises demised in this lease were to be occupied as a physical culture institute to provide for business men a "System of Health Building."

To render these premises suitable for this purpose it was necessary for the Postl System to install certain apparatus and make certain alterations and additions in and to the premises. Accordingly, the Postl System entered into contracts with the complainant and the aforesaid petitioners for the installation of a shower bath, electric cabinets, office partitions, lockers and other equipment necessary to carry on said business. All the material and work called for in these contracts were furnished and performed.

Subsequently, a petition in bankruptcy was filed against the Postl System, and it was duly adjudicated a bankrupt, following which complainant's bill and the petitions were filed upon defendant's (Chapin & Gore) leasehold interest, seeking mechanics' liens for the labor and material furnished. The complainant and the intervening petitioners alleged that the said defendant, Chapin & Gore, had knowingly permitted, or knowingly authorized, the labor and material to be furnished for the improvement of the premises leased to the Postl System, and that thereby they were entitled to liens, within the provisions of section 1 of the Act in relation to mechanics' liens. (J. & A. ¶ 7139.)

Defendant contends that it did not authorize the said material or labor to be furnished, nor did it knowingly permit the material to be furnished and the labor performed as charged, with the exception of the installation of the shower bath. It contends that whatever apparatus or fixtures were furnished under the various contracts were in the nature of trade fixtures; and further, that any labor furnished in connection with their installation could not be made the subject of a mechanic's lien; also, that any additions or alterations made in the premises in connection therewith were not permanent improvements to the building.

Defendant first takes up the various questions generally, and then specifically, as to the bill and the several petitions; but in view of the conclusion we have arrived at with reference to the decree, we shall take up the bill and the various petitions individually.

Complainant, the Fehr Construction Company, did not file any brief in support of the decree in its favor. The evidence in the record shows that it entered into a written contract with the Postl System to furnish and install on the premises in question, partition work, railings, shelving, etc., for the contract price of $989. The contract, which was in the form of a letter and an

acceptance, was offered in evidence. In addition, it furnished extra work and material, so as to make the total amount of its claim $1,098.65. Included in its claim was a bill for material furnished by Harty Brothers & Harty Company, a corporation, also an intervening petitioner, for the sum of $346.05. The evidence shows that this contract was completed satisfactorily.

But a serious question arises as to whether or not, under the allegations in the bill and the evidence, the master was warranted in finding that the complainant was entitled to mechanics' liens for all the material furnished and work performed under this contract.

Even though the master found that the defendant had knowingly permitted this contract to be made and material furnished and work performed thereunder, yet there could be a mechanic's lien for only that part of the work that constituted a permanent improvement to the building, or articles furnished under said contract which might be considered permanent fixtures. *Baker v. McClurg,* 198 Ill. 28; *McAlear v. New York Life Insurance & Trust Co.,* 177 Ill. App. 339.

The evidence introduced by the Fehr Construction Company shows that, as part of the contract, there were built on the premises in question, 23 lockers. The claim for extras shows such items as: Rack for letter file; furnishing and laying muslin; two shelves for stenographer's desk; oak shelf; visitors' register; shelves in lockers; shelving in buffet kitchen; keyboard. These lockers and these extra items enumerated could not be considered permanent improvements to the premises, nor even permanent fixtures. They were necessary for use of the premises by the Postl System. They might easily have been removed, in fact, the testimony of the superintendent of the Fehr Construction Company shows such to be the fact. It is clear that the intention of putting in these lockers and these extra items was for the convenience and business of

524 APPELLATE COURTS OF ILLINOIS.

Fehr Const. Co. v. Postl System of Health Bldg., 189 Ill. App. 519.

the Postl System, and not as permanent improvement to the building. They partook of the character of trade fixtures.

In the contract price of $989 was included the value of the material furnished and work performed with reference to the building of the 23 lockers, but there is no evidence as to what part of the contract price was represented in the making of these 23 lockers; and while on the statement for extra items there appears opposite each item a figure which might be said to represent its value, yet there is no competent evidence as to the reasonable value of these various items. The question of value is material because there was paid on this contract the sum of $350; and a court of equity, if it could distinguish between lienable and nonlienable items in a bill for mechanic's lien, would apply that payment to the nonlienable articles under the contract so as to leave the creditor with his security of a mechanic's lien for the lienable items.

But there being no evidence as to the value of these items, we cannot arbitrarily say that this payment should be applied to the nonlienable items in the complainant's bill.

The Court, in the case of *Haas Elec. & Mfg. Co. v. Springfield Amusement Co.*, 236 Ill. 465, cited by all the parties in the case at bar, stated with reference to section 1, that where a mechanic's lien is endeavored to be recovered for material, fixtures, apparatus or machinery, it must be established that they were connected with the real estate upon which it is sought to establish a lien; and the Court went on to say:

"The state of the record is such that it is impossible to separate the lienable from the nonlienable items, and until such items are separated we cannot tell what the amount of either is." And the court accordingly reversed the decree which permitted a mechanic's lien for these items.

Were there any evidence in this case whereby this

court could determine the value of the lienable and nonlienable items, we should not hesitate to enter a judgment here for mechanic's lien in favor of complainant, for such as could be properly held subject to mechanic's lien. But inasmuch as the record is barren of any proof of the value, we are compelled to reverse the finding of the master and the decree of the court entered thereon, as to the complainant, the Fehr Construction Company.

Our decision with reference to the Fehr Construction Company is determinative also of the contentions raised on this appeal with reference to the intervening petitions of Harty Brothers & Harty Company, E. J. Pickett & Felden and James H. Roche.

The answer of Harty Brothers & Harty Company shows that the material it furnished was in connection with the contract between the Fehr Construction Company and the Postl System. The exhibits also show this fact.

The testimony of the superintendent of the Fehr Construction Company shows that part of the material furnished by Harty Brothers & Harty Company was used in the construction of 23 locker rooms, and certain additional items, partly making up the claim for extra work. The finding in the decree covered this material. The evidence does not distinguish with reference to the value of the material that went into the 23 lockers, and certain additional items in the claim for extra work.

The intervening petition of E. J. Pickett and Felden sets forth that they are in the painting and decorating business; that they had a contract with the Postl System, which they claim was with the knowledge of the defendant, Chapin & Gore, to do certain labor and furnish certain material. Their claim for lien shows that they furnished the material and performed the labor necessary to paint the woodwork, walls, partitions, lockers, etc., on the premises. The contract

price was for one lump sum, without enumerating the price for any individual part of the work.

The petition, testimony and the exhibits show that the finding in their favor for the total amount due on their contract included the material and work furnished with reference to the locker rooms and certain other items for extra work furnished by the Fehr Construction Company. There is nothing in the evidence showing the value of this particular part of the material and the labor. While it is true that there was $100 paid on this claim of $365, yet we cannot arbitrarily say that that payment would represent the value of the labor and the work furnished with reference to the lockers, etc.

We have already held that the material furnished and the work performed in the installation of these 23 lockers, and certain additional items for extra work by the Fehr Construction Company, were not properly the subject-matter of a mechanic's lien. In reviewing the findings of the decree in favor of Harty Brothers & Harty Company and E. J. Pickett & Felden, we are confronted with the same situation as applies to the findings in favor of the Fehr Construction Company, viz., that there is no evidence in the record whereby this court can determine the value of the material and labor furnished by the said Harty Brothers & Harty Company and the said E. J. Pickett & Felden, in connection with the 23 lockers and the certain extra items. We are therefore compelled to reverse the findings of the decree in their favor against the defendant Chapin & Gore.

The petition of James H. Roche sets forth the contract with the Postl System that he entered into, with the knowledge and consent of the defendant to furnish all labor and material for the plumbing work in and about the premises demised, and in the basement of the building; that it included the furnishing of pipes, faucets, tanks, shower bath equipment and electric

Fehr Const. Co. v. Postl System of Health Bldg., 189 Ill. App. 519.

bath cabinets; that the Postl System agreed to pay for the material and labor the sum of $3,495; that he received $100 on account, and that there was a balance due of $3,395. A claim for lien was duly filed for this amount, and the record shows the itemized statement filed as exhibit "A."

The defendant contends that the entire material, apparatus and fixtures called for in this contract, including the labor performed in their installation, constituted trade fixtures.

The finding of the decree in favor of James H. Roche allows a mechanic's lien for $3,395; this represents the entire contract price less the $100 payment. This allowance is inclusive of every item set forth in petitioner's exhibit "A." Among these items are the following:

Two electric cabinets; curtains and hooks; standard bolts for curtains; and in addition, all items for labor were allowed.

The evidence shows that the curtains, hooks, bolts for curtains and the electric cabinets were purchased by the petitioner and installed in the premises in question, under the contract with the Postl System. Considering the character of the business for which these premises were occupied, there can be no question that these cabinets were to be used in giving treatment to its patrons. While wires and conduits supplying the electric current may have been attached to the building, or the cabinets themselves were attached to the floor or walls, yet that situation would not constitute the cabinets' permanent fixtures or an improvement to the building.

We are of the opinion that the electric cabinets, curtains, hooks and labor necessary for their installation are not properly the subject-matter of a lien under the evidence submitted on the Roche petition.

The record is barren of any competent evidence as to the value of these items. Nor can we subscribe to

528 APPELLATE COURTS OF ILLINOIS.

Fehr Const. Co. v. Postl System of Health Bldg., 189 Ill. App. 519.

an argument that the exhibit introduced in evidence has certain figures opposite these various items from which the value might be inferred. Every item for labor in the claim was allowed by the master in his findings, yet there is no evidence from which we can tell what the value of the work was in connection with the installation of these cabinets.

For the error of the court in entering its finding in the decree allowing a mechanic's lien for the entire sum, the decree must be reversed as to the petition of James H. Roche.

In addition to the foregoing mechanic's lien, intervening petitions were filed on behalf of the Davidson Brothers Marble Company and Benjamin F. Hanson.

The petition of Davidson Brothers Marble Company set forth that it had a written contract with the Postl System to furnish certain marble to be used in connection with the installation of the shower bath in these premises; that the marble was furnished and was of the value of $102.20.

The petition of Benjamin F. Hanson was for the labor performed in setting the marble furnished by Davidson Brothers Marble Company, and that the value of said services was $20.03.

The lease that was offered in evidence in this case between the Postl System and the defendant had a covenant that no alterations nor additions were to be made, save with the consent of the lessor; there was an express consent to the installation of the shower bath; and the lease further provided that all additions and alterations made should remain for the benefit of the lessor.

The defendant also contends that said shower bath should be regarded as a trade fixture. We cannot subscribe to that contention, in view of the terms of the lease. The alterations and additions to the premises by the installation of this shower bath were expressly consented to, and, by the terms of the lease, inured to

the benefit of the lessor. The shower bath, under the evidence as to the manner in which it was attached to the building, and under the express covenants in the lease, must be regarded as a permanent fixture or improvement, and not as a trade fixture, and was therefore properly the subject-matter of a mechanic's lien. The benefit of the mechanic's lien would also extend to the labor in connection therewith. We are therefore of the opinion that the court properly entered a lien in favor of the Davidson Brothers Marble Company and Benjamin F. Hanson.

In affirming the finding of the court on these two last intervening petitions, this court does not wish to be understood as passing upon the question whether or not the defendant, Chapin & Gore, knowingly permitted the material to be furnished or the work to be performed under the other contracts involved herein.

The decree of the Circuit Court will be affirmed in favor of the Davidson Brothers Marble Company and Benjamin F. Hanson; and in so far as it relates to the findings in favor of the Fehr Construction Co., Harty Brothers & Harty Company, James H. Roche and E. J. Pickett & Felden, it will be reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

*Affirmed in part, reversed in part and remanded.*