## Bernhard Loeff, Appellee, v. Mary Meyer et al., on appeal of Mary Meyer, Appellant.

### Gen. No. 23,152.

1. MECHANICS' LIENS, § 33*—*when lessor not relieved from liability for mechanic's lien for alterations and repairs by lessee.* The provision in a lease that the lessee might, upon 10 days' notice to the lessor, make such changes or alterations in the building as he deemed suitable, provided they did not diminish the value of the building and were paid for by the lessee, does not relieve the lessor from liability to a mechanic's lien for alterations and repairs by the lessee, even though the notice called for by the provision of the lease was not given the lessor and without regard to whether or not the contractor had knowledge of such provision, where the lessor visited the premises during the course of the alterations and repairs and saw that they were being made and failed to make any objection.

2. LANDLORD AND TENANT, § 209*—*when alterations in front of building are joint enterprise of lessor and lessee.* Under the provisions of a lease that the lessee is to pay for all repairs and alterations, that all alterations and additions to the premises shall remain for the benefit of the lessor unless otherwise provided in the lessor's consent to their being made and requiring the written consent of the lessor to all material alterations except changing the front of the building, alterations to the front of the building are the joint enterprise of the lessor and lessee.

3. MECHANICS' LIENS, § 33*—*when contractor not estopped to claim lien against leased property.* The provision of a lease that, as to alterations of the building which are the joint enterprise of the lessor and lessee, no mechanic's lien therefor shall attach to the lessor's interest is void, and knowledge thereof does not estop a contractor for such alterations from claiming a lien against the leased property.

4. MECHANICS' LIENS, § 193*—*when no variance between bill and proof.* In a suit to establish a mechanic's lien, *held* that material variance between the allegations of the bill and the proof was not shown.

5. MECHANICS' LIENS, § 32*—*when lessor knowingly permits alterations.* Where a lease expressly authorizes certain alterations on condition that the lessor is given 10 days' notice thereof and the lessee pays therefor, and the evidence shows that she was on

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the premises while a certain part of the alterations were being made, it sufficiently appears that she "knowingly permitted" such part, even though the required notice was not given her.

6. MECHANICS' LIENS, § 195*—*how value of work may be shown.* In a suit to establish a mechanic's lien, the fair and reasonable value of the work done may be shown by the uncontradicted evidence of complainant as to its fair and reasonable value.

7. MECHANICS' LIENS, § 196*—*when balance due complainant shown.* In a suit to establish a mechanic's lien, evidence *held* sufficient to show what balance was due complainant.

8. MECHANICS' LIENS, § 202*—*when lien allowed as to part of items.* In a suit to establish a mechanic's lien, where every item in the contract under which the lien is claimed and which is divisible into separate items is such as is covered by the Mechanics' Liens Law (J. & A. ¶ 7139 *et seq.*), and the proof shows that complainant is entitled to a lien as to some of the items, the lien is properly allowed as to such items, ·even though, as to others, no right to a lien is established.

9. MECHANICS' LIENS—*when payments applied to nonlienable items.* In a suit to establish a mechanic's lien under a contract made up of divisible items, payments will be applied to nonlienable items, so as to leave unimpaired the security of the lien as to such of the items as are lienable.

ON PETITION FOR REHEARING.

1. MECHANICS' LIENS, § 32*—*when contractor may assume that provision as to notice of alterations by tenant has been complied with.* A contractor who has notice of the provision in a lease that the lessor be given notice of alterations by the lessee is warranted in assuming that the provision has been complied with where he sees the owner about the premises in the course of such alterations and the latter raises no objections to them.

2. MECHANICS' LIENS, § 33*—*what is effect of knowledge by contractor as to duty of lessee to pay for alterations.* A contractor's knowledge of a provision in a lease that alterations are to be paid for by the lessee does not operate to deprive him of a mechanic's lien against the property for alterations, especially where the lease provides that alterations shall be the property of the lessor.

Appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Affirmed. Opinion filed January 30, 1918. Additional opinion denying application for rehearing filed February 15, 1918.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Loeff v. Meyer, 209 Ill. App. 382.

FRANK A. LASLEY, for appellant; WINSTON & LOWY, of counsel.

JOSEPH ROSENBERG and IRVING ZIMMERMAN, for appellee.

MR. JUSTICE THOMSON delivered the opinion of the court.

This is an appeal by Mary Meyer, the appellant, hereinafter referred to as the defendant, from a decree of the Superior Court granting a mechanic's lien against her premises for the sum of $502 to Bernhard Loeff, appellee, hereinafter referred to as the complainant.

The complainant was a contractor who had entered into a contract with the lessees of the premises in question for certain alterations and repairs and who had performed the work called for by the contract. The defendant executed a lease of the premises in question to the lessees in March, 1913. The complainant was present on the occasion of the drawing and execution of the lease. At this time there was some talk as to who was to pay for any repairs or alterations that might be made, defendant refusing to make or pay for any such. A clause was thereupon inserted in the lease, providing that the lessee might, upon 10 days' notice in writing to the lessor, make such changes or alterations as they deemed suitable, provided such changes or alterations did not diminish the value of the building, and were paid for by the lessees. A little over a year later complainant entered into an oral contract with the lessees for certain alterations on the premises at the agreed price of $2,630. The lessee took possession May 1, 1914, and work on the alterations was begun shortly thereafter. On one or two occasions during that month the defendant visited the premises and observed that certain work was going on with respect to the building front. She did not know

of the contract between complainant and her lessees, nor had any notice as to repairs or alterations been given to her by the latter. When she saw the work in progress she did nothing about it and it went ahead to completion. The bill alleges that complainant has received $2,005 from the lessees, leaving a balance due amounting to $632. The lessees went into bankruptcy; thereafter complainant filed his bill.

In connection with her appeal from the decree entered against her below, defendant contends that complainant knew of the provision in the lease to the effect that repairs or alterations were to be made by lessees only after giving defendant 10 days' notice thereof, and that all of such repairs and alterations were to be paid for by the lessees and not by her and that he is, therefore, equitably estopped from asserting a lien on the premises. The question of whether the complainant did have knowledge of these features of the lease is not material. First, as to the 10 days' notice to defendant called for by the lease, it may be said that when she visited the premises and saw the store front out and extensive alterations being made upon it, even if she knew complainant was the contractor doing the work (which she denied) and that he had knowledge of this 10 days' notice clause in the lease, it was incumbent upon her to notify him at once that she had not received this notice and would not be responsible for the work and this was all the more incumbent upon her if, as she says, she did not know complainant was the contractor, for then it would be likely that the one who was doing the work did not know of this clause in the lease. If there is any equitable estoppel in this case it operates against the defendant instead of the complainant, for, by her conduct in not objecting when she saw the store front operations in progress, she misled complainant into believing that she had received the notice called for by the

terms of the lease. *Wertz v. Mulloy,* 144 Ill. App. 329, 334.

Second, as to the provision in the lease that the lessees were to pay for all repairs and alterations, it should be said that his knowledge of this provision cannot estop him from enforcing his mechanic's lien. This lease also provided that "all alterations and additions to said premises shall remain for the benefit of the lessor unless otherwise provided in said consent as aforesaid." Thus this improvement amounted to the joint enterprise of the lessor and the lessees. This view is further strengthened, as to all material furnished and work done in connection with the alterations on the store front, which is the only part of the contract involved in this case, by another provision in the lease requiring the written consent of the lessor to "all material alterations *except changing the front of the building.*" The contention of defendant that complainant is estopped from enforcing his lien by reason of his knowledge of this provision amounts to a contention that there was an agreement between defendant and her lessees that there was to be no attachment of mechanics' liens to the interest of the owner, and complainant's knowledge of that agreement, as embodied in the lease, estops him from securing such a lien now. The contention is not sound. The two clauses quoted from the lease show that the improvements involved here were to be made as the joint enterprise of the defendant and her lessees. If the lease is subject to the interpretation that, as to such alterations there shall be no attachment of mechanic's liens to the interest of the owners, such provision is void as being an attempt to set aside the law of the land. *Boyer v. Keller,* 258 Ill. 106, 114; *Crandall v. Sorg,* 198 Ill. 48; *Provost v. Shirk,* 223 Ill. 468; *Carey-Lombard Lumber Co. v. Jones,* 187 Ill. 203; *Friebele v. Schwartz,* 164 Ill. App. 504, 508.

Complainant cannot be estopped by his knowledge

of a provision in the lease which is void and of no effect under the law, at least as to him.

It is next contended by defendant in support of her appeal that there is a variance between the allegations in the bill and the proof: First, in that the bill alleges a contract for the fair and reasonable value of the work done, not to exceed $2,637, while the proof shows that the complainant was to receive the agreed price of $2,637 and no more and no less; second, that the bill alleges that defendant knowingly permitted the complainant to enter into the contract in question, while the proof fails to show that she authorized her lessees to enter into the contract or knowingly permitted them to do so, but that the only inference which may be deduced from the evidence is that she saw some of the alterations to the front of the building while the work was in progress and thereby ratified the contract; and third, in that the bill alleges that defendant knowingly permitted the complainant to enter into the contract by reason of the fact that she visited the premises, had conversations with the lessees and with the men in charge regarding the work and that she directed that certain repairs be done, whereas the proof shows that the right to make a contract for improvements was derived, if at all, from the lease.

The first of these alleged variances is entirely immaterial and trivial. As to the second, while the bill does allege that defendant knowingly permitted the complainant to enter into the contract, it also alleges "that all of the work under said contract, as hereinbefore set forth was done with the authority, knowledge, consent and permission of the said Mary Meyer." As to the third, we do not understand that complainant contends or attempted to prove, nor does the proof show that he derived the right to make the contract from the lease. The question at issue here was whether defendant had, knowingly, permitted the

work to be done. On that question it was proper to introduce the lease in evidence under the allegation of the bill quoted above.

It is next urged by the defendant that the proof does not establish the fact that she "knowingly permitted" the making of the improvements and the doing of the work in question and that it is necessary to show more than mere knowledge on her part that some work was being done to establish such fact, and in support of this proposition defendant cites *McRae v. Murdoch Campbell Co.*, 94 Ill. App. 109. There is an element present in the case at bar that was not present in that case. In the case cited by defendant, the court says at page 110: "It does not appear that the firm (lessees) had possession of the store under any agreement which provided for the making of the improvement." The contrary appears here, for the lease expressly authorized changing the store front of the building, under the conditions specified, namely, that the lessor was to have 10 days' previous notice in writing and that the lessees were to pay for it. In addition to this the evidence is clear that defendant visited the premises at a time when the whole store front was out and she saw the alterations going on. This, especially when taken in connection with the knowledge she must have had of the express stipulation in the lease about changing the store front, amounted to her "knowingly permitting," at least that part of the work to be done. *Wertz v. Mulloy, supra; R. Haas Elec. & Mfg. Co. v. Springfield Amusement Park Co.*, 236 Ill. 452, 460; *Friebele v. Schwartz*, 164 Ill. App. 504, 508; *Carey-Lombard Lumber Co. v. Jones, supra.*

Defendant further contends that the proof failed to show that the alterations in question enhanced the value of her property. On this question of fact the court below found to the contrary, and that finding seems to have been warranted by the evidence.

Defendant further assigns as error the finding of the trial court that there was any competent evidence showing the fair and reasonable value of the work done upon the building. The record discloses that complainant testified that the fair and reasonable value of the work done was $2,747, and there is no evidence to the contrary.

It is alleged by defendant that it has not been shown how much was realized out of the bankruptcy proceeding involving the lessees. As has already been pointed out, the record discloses that complainant had received all except the balance of $632. A further point raised by defendant is to the effect that where the contract is for the payment of a gross sum for the entire labor agreed to be performed, for part of which the statute gives a lien and for part of which it does not, the lien cannot be enforced as to any part of the price to be paid. The case of *Adler v. World's Pastime Exposition Co.*, 126 Ill. 373, cited by defendant, is to that effect. This, however, is not applicable to the situation we have in the case at bar, for here every item involved in the contract was such an item as is covered by our Mechanics' Liens Law, and in such a case where the proof shows that complainant is entitled, on the facts, to the lien he claims on some of the items involved, but is not so entitled as to other items involved, the court will allow the lien as to all items which the evidence shows complainant is entitled to. *Fehr Const. Co. v. Postl System of Health Building*, 189 Ill. App. 519; *E. R. Darlington Lumber Co. v. Burton*, 156 Ill. App. 82, 86; *R. Haas Elec. Mfg. Co. v. Springfield Amusement Park Co.*, 236 Ill. 452, 465.

In the case at bar the work which was done by the complainant was clearly divisible into distinct and separate items and the court below held that, under the facts in the case, he was entitled to a lien on some of those items and not as to some other items, although all the items involved were such as are within the

Mechanics' Liens Law. The items on which the court below allowed the complainant his lien are those which entered exclusively into the store front. Upon the authority of the foregoing cases the complainant was entitled to his lien on all those items, notwithstanding the fact that the court found that, in view of the testimony, a lien could not be allowed on other items.

Defendant contends that if a payment is made generally a court of equity will credit the payment according to its own view of the intrinsic justice and equity of the case. As to this point it is clearly established that such payment should be applied upon non-lienable items, if such are involved, so as to leave the creditor with his security of a mechanic's lien on those items as to which he has a lien. *Fehr Const. Co. v. Postl System of Health Building, supra,* at page 524; *Monson v. Meyer,* 190 Ill. 105, 108; *Barbee v. Morris,* 221 Ill. 382, 384.

We find no error in the record and the decree is affirmed.

*Affirmed.*

ADDITIONAL OPINION ON PETITION FOR REHEARING.

MR. JUSTICE THOMSON delivered the opinion of the court.

In petitioning for a rehearing in this cause, the appellant urges that the provisions of the lease involved in this case, to the effect that the lessees were to make repairs only after giving the lessor 10 days' notice in writing, and that all repairs were to be paid for by the lessees, prevent the appellee from having his lien by reason of the fact that he had knowledge of the presence of these provisions in the lease, and that the notice referred to was not given her.

As to the provision in the lease to the effect that notice, the appellee (the contractor) was warranted in

assuming that the provision had been complied with when he saw the appellant (the owner) about the premises at the time the repairs and alterations were being made and she made no objection to the 'work.

As to the provision in the lease to the effect that all repairs were to be paid for by the lessees, the Supreme Court has held, in the cases .cited, that such a provision will not prevent the contractor from having his lien, especially where the lease provides, as it does in this case, that any alterations or improvements made during the term of the lease shall be the property of the lessor upon the termination of the lease. So far as we know, the precise point at issue here has never been passed upon in this State, and, in none of the cases cited, was it shown that the contractor had knowledge of the fact that the provisions in question were included in the lease; but, as we have stated in our previous opinion, we hold that such knowledge on the part of the contractor will not operate to deprive him of his lien.  He is not a party to any arrangements that have been made, between the lessor and the lessee as to payment, and he is not bound by any such arrangements and may avail himself of the statute giving him a lien as against the interests of the lessor if the lessee, with whom he makes his contract, fails to pay him, notwithstanding the fact that at the time he enters into the contract he knows that the lessee has agreed with the lessor that he (the lessee) will pay the bill.  This question arose in the case of *Mosher v. Lewis,* 31 N. Y. Supp. 433.  That was a mechanic's lien action and there was some question about the necessity of the complainant proving that he was without knowledge of a provision in the lease to the effect that any repairs which were made were to be at the expense of the lessees.  The court holds that the question is immaterial.  On page 436 the court says:

"The right to such a lien did not exist at common

law. * * * It 'is a peculiar, particular, and special remedy, given by statute, founded and circumscribed by the terms of its own creation.' 15 Am. & Eng. Enc. Law, p. 5. It is created by the statute but arises, not from contract, but from the employment of services and the use of materials in improvements or repairs with the 'owner's' consent, though it may be incidental to a contract. * * * The present Mechanics' Liens Law does not prescribe ignorance of the mechanic or materialman of the 'owner's' agreement with another, whereby the latter has assumed the expense, as a condition of the right to acquire the lien; hence we may not annex it. The determinative fact is that the services were employed or the materials furnished with the 'owner's' consent.''

What the court there said with reference to the Mechanics' Liens Law of that jurisdiction applies to our law. Under the theory of the law, it is considered inequitable for an owner to authorize or knowingly permit one to contract with another to repair, alter or improve the owner's property and retain the benefit thereof without compensating the one who has furnished the materials or performed the labor in case the one who has been so authorized by the owner fails to pay as agreed. If the owner has a contract or understanding with the one whom he authorizes or permits to repair, alter or improve his property, that the latter is to pay for it, the equity of the situation is the same, whether the one who furnishes the materials or performs the labor knows of that agreement or not. This rule works no hardship upon the owner. He may amply protect his interest in the property from liens by requiring the contractor to enter into an agreement with him (the owner), waiving the right to mechanics' liens, before permitting the work to be done.

*Rehearing denied.*